[Crim. No. 751. Third Appellate District.—May 13, 1924.]

## THE PEOPLE, Respondent, v. MANUEL C. LAMB, Appellant.

[1] CRIMINAL LAW—VERDICT—EVIDENCE—APPEAL.—It is not sufficient to warrant the reversal of a judgment by an appellate court, that the verdict of guilty is against the testimony introduced by the defendant nor is it a question whether an appellate court, if sitting in such a capacity as to enable it to weigh the testimony, would conclude that the verdict should have been in favor of the defendant. If upon an inspection of the transcript it appears that there is sufficient testimony, which, if believed by the jury, to sustain a verdict, then and in that case, an appellate court must adopt the verdict of the jury as being correct.

[2] ID.—CONFLICTING EVIDENCE—PROVINCE OF JURY—NUMBER OF WITNESSES.—It is exclusively the province of the jury, where the testimony is conflicting, to weigh and determine the same, it being never a question of whether more witnesses testified for one side or the other.

[3] ID.—VIOLATIONS OF WRIGHT ACT—EVIDENCE—APPEAL.—In a prosecution for violations of the Wright Act, the jury, by its verdict of guilty, having found that the witnesses for the prosecution who testified to the sale of intoxicating liquor by the defendant told the truth, such determination is binding upon appeal.

[4] ID.—WRIGHT ACT—SALE OF INTOXICATING LIQUOR—SENTENCE.—Upon conviction of the crime of selling intoxicating liquor in

---

1. See 2 Cal. Jur. 820; 8 Cal. Jur. 585; 2 R. C. L. 193.
2. See 8 Cal. Jur. 279; 10 Cal. Jur. 1141, 1171; 10 R. C. L. 1105.
4. See 14 Cal. Jur. 752.

violation of the Wright Act, the defendant is not entitled, as a matter of right, to escape a jail sentence by the payment of a fine. Under the first paragraph of section 29 of the Volstead Act, which provision is adopted by the Wright Act, for the first offense of unlawful sale or manufacture of liquor either one or the other of two penalties may be imposed, to wit, a fine of not more than one thousand dollars or instead of a fine, imprisonment not exceeding six months, but, when the defendant is convicted of a second offense, then and in that case, the court has no election in the imposition of a fine or imprisonment but must both fine and imprison.

[5] ID.—WORDS AND PHRASES—SENTENCE.—As defined by Webster the word "or" is said to be a co-ordinating particle that marks an alternative generally corresponding to either as either this or that; in other words, it means one or the other of two propositions.

[6] ID.—EVIDENCE—APPEAL.—In such prosecution, the fact that the defendant was acquitted as to two charges cannot be considered by the appellate court in determining whether he was or was not guilty of the offense of which the jury found him guilty.

[7] ID.—SENTENCE—RECOMMENDATION OF JURY.—In such prosecution, there is no merit in the contention made by the defendant that because the jury recommended mercy the trial court should not have imposed a jail sentence, such a recommendation being no part of the verdict.

---

(1) 17 C. J., p. 255, sec. 3593. (2) 16 C. J., p. 761, sec. 1564, p. 931, sec. 2292. (3) 17 C. J., p. 267, sec. 3596, p. 269, sec. 3596. (4) 33 C. J., p. 796, sec. 553. (5) 29 Cyc., p. 1502. (6) 17 C. J., p. 256, sec. 3593 (Anno.). (7) 16 C. J., p. 1110, sec. 2601.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Mark L. Burns for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER. J.—The defendant was tried and convicted of the offense of violating what is commonly known as the

---

7. Recommendation of mercy in criminal case, note, 17 A. L. R. 1117 et seq.

Wright Act of the state of California. His motion for a new trial being denied, the defendant appeals therefrom and also from the judgment of conviction. It appears from the transcript that three separate and distinct informations were filed against the defendant charging him with three separate and distinct violations of the act above mentioned. The informations were numbered respectively 8056, 8060 and 8083. By stipulation made in open court when the cases were called for trial, all three cases were tried at the same time and upon the testimony introduced at one trial. The defendant was acquitted of the offenses charged under the informations numbered 8056 and 8083, but was convicted of the offense charged in the information numbered 8060.

Two points are made for reversal: First, that the verdict is not supported by the evidence; second, that the court had no jurisdiction to pronounce judgment of imprisonment in the county jail. In support of the appellant's contention, that the judgment is not supported by the evidence or rather that the judgment is against the evidence, our attention is called to the testimony of the witnesses introduced on the part of the defendant and no reference is made whatever to the evidence introduced by the prosecution. It is argued at length that the weight of the evidence is strongly in favor of the defendant; that this court should set aside the verdict and direct a new trial. [1] It is not sufficient to warrant the reversal of a judgment by an appellate court, that the verdict is against the testimony introduced by the defendant nor is it a question whether an appellate court, if sitting in such a capacity as to enable it to weigh the testimony, would conclude that the verdict should have been in favor of the defendant. If upon an inspection of the transcript it appears that there is sufficient testimony, which, if believed by the jury, to sustain a verdict, then and in that case, an appellate court must adopt the verdict of the jury as being correct. [2] It is exclusively the province of the jury, where the testimony is conflicting, to weigh and determine the same. It is never a question of whether more witnesses testified for one side or the other. The jury may believe witnesses who testified for the prosecution and disbelieve the testimony of three or four times that number who may testify for the defense. If the testimony of wit-

nesses for the prosecution, if believed by the jury, is suffi-
cient to make out a case and sustain a verdict, the fact that
three or four times that number have testified oppositely is
of no consequence. This is practically what we find to have
occurred in the case at bar.

The witnesses C. W. Horstmeyer and A. B. Silvius testi-
fied that they went to the defendant's residence at 328 S
Street at about 9:30 P. M., June 18, 1923; that upon arriv-
ing at said place, the witness Silvius got out of the automo-
bile in which the two witnesses were riding and went to the
store kept by the defendant next door to his residence; that
the defendant came out of the store, went up the stairs into
his residence, was there a short period of time, and came
back with a bottle of wine and handed it to the witness
Horstmeyer, who then and there paid the defendant the sum
of one dollar; that the bottle of wine was in a paper sack;
that the following conversation took place when the defend-
ant came to the automobile, with the wine, in which the
defendant Horstmeyer was sitting. The witness asked:
"What is the damages?" The defendant replied: "One
dollar." The witness Horstmeyer then said: "It is getting
kind of hard to buy wine." The defendant replied: "Yes,
I have had a chance to sell quite a few bottles to-day, but,
they are after them and I am pretty scared." The de-
fendant then further said: "As long as there is a grape-
vine growing in California, I am going to have my wine."
The defendant, also, had a small bottle and a glass and said:
"Well, here, have a drink on me," and he gave the wit-
nesses Silvius and Horstmeyer each a drink. The bottle of
wine was then marked and kept until the trial and intro-
duced as People's Exhibit No. 1. The witness, A. J. Affleck,
to whom the exhibit in question was delivered for analysis,
testified that it contained 13.59 per cent alcohol by volume.
The sale in question was shown to have taken place in the
city and county of Sacramento. Upon this testimony the
jury had a right to base its verdict, if it believed that the
witnesses referred to were telling the truth. The transcript
shows that a number of witnesses testified that the defendant
was not in the place in question at the time of the sale, but
that he was in attendance upon some moving picture show.
A number of witnesses also testified to the previous good
character of the defendant. These were all matters to be

addressed to the jury and for the jury to decide. If the jury believed the two witnesses for the prosecution who testified to the sale and purchase of the wine then it necessarily followed that the testimony of the witnesses for the defense should be laid aside. Both alleged states of facts could not be true. This is always the case when the defense of an alibi is tendered for consideration by the jury. [3] The jury, by its verdict, has found that the witnesses who testified to the sale told the truth and this court is bound by that determination. [4] The second contention made by the appellant is that the court erred in the imposition of a jail sentence, instead of a sentence in the alternative, that is, that the defendant is entitled, as a matter of right, to escape a jail sentence by the payment of a fine. To support this position reliance is had upon the case of *In re Frankovich*, 190 Cal. 440 [213 Pac. 39], the syllabus of which case reads as follows: "A judgment upon conviction of selling liquor in violation of the Wright Act that the defendant pay a fine of $500 or be confined in the city jail for the period of six months upon failure to pay the fine, is one imposing a sentence of imprisonment for six months, but gives the defendant the opportunity of escaping such punishment by the payment of the fine. . . . " This is very far from holding that the act in question gives any such privilege to the defendant as is contended for in this case. An examination of the opinion in the Frankovich case shows further that the court uses no language which could possibly be construed to support the appellant's contention. The words there used are as follows: "The Volstead Act provides that for the first offense the person who sells liquor shall be fined not more than a thousand dollars, or suffer imprisonment not exceeding six months. It is claimed that this provision adopted by our Wright Act, does not justify the alternative judgment imposed upon Frankovich, because such judgment, in effect, provides for imprisonment for the nonpayment of the fine. On the other hand we think the judgment, properly construed, is one imposing a sentence of imprisonment for six months, but gives the party convicted the opportunity of escaping such punishment by the payment of a fine. Having failed to pay the fine he is in no position to complain of the imprisonment." The first paragraph of section 29 of the act of October, 1919, com-

monly known as the Volstead Act, reads as follows: ''Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more than $1,000, or imprisonment not exceeding six months, and for a second or subsequent offense shall be fined not less than $200 nor more than $2,000 and be imprisoned not less than one month nor more than five years.'' A reading of this subdivision shows clearly that for the first offense either one or the other of two penalties may be imposed, to wit, a fine of not more than one thousand dollars or instead of a fine, imprisonment not exceeding six months, but, when the defendant is convicted of a second offense, then and in that case, the court has no election in the imposition of a fine or imprisonment but must both fine and imprison.

[5] As defined by Webster the word ''or'' is said to be a co-ordinating particle that marks an alternative generally corresponding to either as either this or that. In other words, it means one or the other of two propositions. A number of definitions and illustrations of the word ''or'' may be found in volume 6 of Words and Phrases, beginning with page 5002. These definitions are so numerous that quotations thereof would be unduly burdensome, but all go to the effect of defining the word as above given where the use appears to be the same as in the statute now under consideration. In the Penal Code of this state the word ''or'' is quite frequently used in giving an election to the court imposing sentence as to whether it will simply require the payment of a fine or prescribe imprisonment in the county jail. Section 19 of the Penal Code relating to misdemeanors is a good illustration of this point. That section reads: ''Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both.'' The words ''or by both'' do not in anywise limit the discretion vested in the trial court to punish the convicted person by either a fine or by the imposition of a jail sentence. We think that no one would seriously contend that any such construction could be given to section 19 of the Penal Code. For all practical purposes, excluding the words ''or by both'' it reads to the same effect as the Volstead Act, which, by reason of the Wright Act, has be-

come a part of the penal statutes of this state. If the interpretation heretofore given to the Penal Code of the state of California, that when the code provides for either a fine or imprisonment, the election of which punishment shall be imposed is vested in the trial court, we do not see how it can be consistently argued that the election of which punishment the defendant will suffer is vested in the defendant and taken away from the trial court by language which is to all intents and purposes identical with that used in various sections of the Penal Code. The Volstead Act does not read that for a first offense a defendant shall be punished by a fine not exceeding $1,000 and in the event that he does not pay such fine he shall be imprisoned for a period not exceeding six months. It explicitly and plainly states and specifies that a person convicted of the offense referred to in the paragraph of the Volstead Act which we have quoted shall be punished in one of two ways and the determination of the way is left to the court pronouncing the judgment. The defendant in this case, as we have stated, was acquitted as to two charges and convicted upon one. [6] The fact that he was acquitted as to two charges cannot be considered by this court in determining whether he was or was not guilty of the offense of which the jury found him guilty. [7] We find no merit in the contention made by appellant that because the jury recommended mercy the court should not have imposed a jail sentence. Such recommendation is no part of the verdict.

We think the order denying appellant's motion for a new trial herein and the judgment pronounced upon the defendant should be affirmed, and it is so ordered.

Weyand, J., *pro tem.*, and Finch, P. J., concurred.