[Crim. No. 1278.  Second Appellate District, Division Two.—May 14, 1926.]

THE PEOPLE, Respondent, v. ALONZO W. CANYUN, Appellant.

[1] CRIMINAL LAW—BURGLARY—WEIGHT OF EVIDENCE—CREDIBILITY OF WITNESSES — VERDICT — APPEAL. — In a criminal prosecution, the credibility of witnesses, the weight to be given to their testimony, and conflicts among them as to questions of fact, are exclusively for the jury and the trial court to decide, and will not be reviewed upon appeal; and in this prosecution for burglary, the testimony of the prosecuting witness, who was the only eye-witness to the occurrence, was sufficient to sustain the verdict and judgment of conviction.

[2] ID.—OBSERVANCE OF INSTRUCTIONS — APPEAL — PRESUMPTION.—On appeal from a judgment of conviction of first degree burglary, it will be presumed, in the absence of anything appearing to the contrary, that the jury observed the instructions given them.

---

(1) 9 C. J., p. 1075, n. 13, p. 1084, n. 94; 16 C. J., p. 929, n. 86, p. 930, n. 92, 93, p. 931, n. 5, 6.    (2) 17 C. J., p. 226, n. 72.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Carlos S. Hardy, Judge. Affirmed.

---

1.  See 27 Cal. Jur. 182; 2 R. C. L. 194.

The facts are stated in the opinion of the court.

M. H. Broyles for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James S. Howie for Respondent.

CRAIG, J.—The appellant was convicted upon an information charging him with having on or about the twenty-seventh day of February, 1926, entered the dwelling-house of a Mrs. M. Meyers, in the city of Los Angeles, with intent then and there to commit the crime of larceny. The jury returned a verdict of burglary in the first degree; a motion for a new trial was presented, and denied, and he appeals from the ruling upon such motion and from the judgment.

It appears from the testimony of the complaining witness, Mrs. Meyers, that at about 1:30 A. M. of said date she awoke and discovered the defendant standing at the foot of her bed holding a portion of a broom handle; that she immediately jumped from her bed and commanded him to leave the house, whereupon the intruder ran into the kitchen and leaped out through the window; that a large electric light had been turned on in the kitchen, which enabled her to unmistakably identify the appellant as a man whom she had seen on an average of twice a week for a period of about two years at meetings of a society of which both were members. The witness testified that she then discovered that her pocketbook had been removed from her sewing-machine and lay on the kitchen table; that her coin purse had been taken therefrom and all the money which she had left in the purse was gone; both the pocketbook and purse had been turned inside out; that a flashlight which she had placed on her dressing-table was also in the kitchen beside the pocketbook. Other witnesses testified to having heard Mrs. Meyers' loud cries to "get out of here," and that there was a commotion and scuffling of feet at about the time in question in her apartment. Mrs. Meyers and a police officer both testified that she telephoned for the police on the same morning and that she stated that the name of the burglar was Canyun and that he lived on East Twentieth

Street, but that she did not know his first name, nor the number of his place of residence.

There are many alleged errors assigned as grounds for reversal, but they may all be summarized concisely under the following heads: (1) insufficiency of evidence to sustain the verdict and judgment; (2) errors of the trial court in its rulings during the trial, and (3) errors in instructing the jury.

[1] Criticism of evidence consists mainly in assertions that the only eye-witness to the occurrence, which we have related was Mrs. Meyers and that no other person saw the defendant in or near the house, or connected him with the offense, from which it is argued that her testimony was improbable. However, her testimony was positive and direct, and when asked whether or not she was sure that the defendant was the man whom she found in her apartment she answered: ''I would swear it—I would swear if you brought out a thousand men, that he was there that night. I don't need to have anybody else to tell me that; I know it was him.'' Canyun testified that he was not in Mrs. Meyers' house on the night in question, and from his testimony upon preliminary examination which was read to the jury pursuant to stipulation, it appears that he accounted for his whereabouts during the night, and swore that he did not arrive home until about 2 o'clock A. M. on February 27th, whereas his wife testified that he returned home at about 11:15 P. M. and did not leave the house thereafter. Other witnesses testified to the defendant's good reputation for truth, honesty, and integrity.

The most that can be said of the evidence offered on behalf of the appellant is that it conflicted in some respects with that of the prosecuting witness. It is too elementary to require the citation of authority that the credibility of witnesses, the weight to be given to their testimony, and conflicts among them as to the questions of fact, are exclusively for the jury and the trial court to decide, and will not be reviewed upon appeal. Mrs. Meyers was not impeached and her evidence was sufficient if believed by the jury to sustain the verdict and judgment. (*People* v. *Westlake,* 62 Cal. 303; *People* v. *Lamb,* 67 Cal. App. 263 [227 Pac. 969].) It may also be added that the testimony of this witness was

supported by many corroborating circumstances, and by the testimony of her neighbors.

It is contended that the trial court committed errors prejudicial to the defendant in its instructions to the jury, though none were requested in his behalf and our attention is not directed to any portion of the charge which appellant claims to have been erroneous. We have perused the instructions with care and are unable to coincide with such assertion.

[2] Also it is argued that the jury misconstrued the law as given them by the trial court, but there is no showing made which tends to support such conclusion. It will be presumed, in the absence of anything appearing to the contrary, that the jury observed the instructions given them. (*People* v. *Dong Pok Yip,* 164 Cal. 143 [127 Pac. 1031]; *People* v. *Durrant,* 116 Cal. 179, 207 [48 Pac. 75].)

Other points attempted to be made are even less meritorious than some of the above, and a discussion of them is unnecessary.

The judgment and order appealed from are affirmed.

Finlayson, P. J., and Works, J., concurred.