[Crim. No. 363. Fourth Appellate District.—May 19, 1938.]

THE PEOPLE, Respondent, v. JESUS MORALES, Appellant.

Raymond E. Hodge for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

MARKS, J.—On January 1, 1938, defendant made an assault with a knife on Ynez Candelario from which the latter died a few days later. Defendant was convicted of murder in the first degree and sentenced to confinement in the penitentiary for life. He has appealed from the judgment and from the order denying his motion for new trial.

Defendant urges the following grounds for reversal of the judgment: (1) Defendant was so intoxicated that he was unable to form a specific intent to kill. (2) That the jury was not properly instructed concerning the effect of intoxication on intent. (3) That this court should reduce the offense from murder in the first degree to murder in the second degree.

The evidence on the question of the intoxication was conflicting. In *People* v. *De Moss,* 4 Cal. (2d) 469 [50 Pac. (2d) 1031], the Supreme Court said:

"Voluntary intoxication is never an excuse for crime. (Sec. 22, Pen. Code; *People* v. *Burkhart,* 211 Cal. 726, 730 [297 Pac. 11].) The weight to be accorded to evidence of intoxication, and whether such intoxication precluded the accused from forming a specific intention to kill and murder, which intent is a necessary element in murder of the first degree, are matters essentially for the determination of the trier of the facts. (*People* v. *Murphy,* 1 Cal. (2d) 37, 40

[32 Pac. (2d) 635].) As already indicated, we cannot say from an examination of the entire record that the defendant was so disordered mentally at the time of the shooting as to preclude the resulting homicide from being of that 'wilful, deliberate and premeditated' character designated in section 189 of the Penal Code as murder of the first degree.''

The trial judge gave four instructions on the effect of intoxication on intent. Defendant requested three additional instructions on this subject, which were refused. Where a trial judge properly covers the law on a subject in the instructions given to a jury there is no error in refusing additional instructions requested by a defendant on the same subject.

Defendant's argument to this court to get us to reduce the degree of the crime is based on the assumption that he was too intoxicated to form an intent to kill. As we have seen, the evidence on this question was conflicting. The jury having resolved that conflict against defendant, we are bound by its decision. We can no more reduce the degree of a crime on conflicting evidence than we can reverse a judgment simply because of a conflict in the evidence.

The judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.