[No. D060768. Fourth Dist., Div. One. Sept. 13, 2012.]

In re M.A., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
M.A., a Minor, Defendant and Appellant.

## Counsel

John E. Edwards, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**IRION, J.**—The juvenile court made a true finding on a petition filed under Welfare and Institutions Code section 602 that M.A. committed first degree burglary (Pen. Code, §§ 459, 460)[1] and grand theft of a firearm (§ 487, subd. (d)), based on M.A.'s act of taking guns from a closet located in a house into which he initially entered without the intention of committing a crime. M.A. appeals from the judgment, contending that the evidence was insufficient, as a matter of law, to support a true finding that he committed first degree burglary.

### I

### FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to M.A.'s appeal are brief and undisputed. M.A. entered a house with the permission of the occupant. At the time he entered the house, M.A. did not intend to commit a felony, but while inside M.A. learned

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

that there were guns in the house, and he decided to take some of them. To this end, without obtaining permission, M.A. opened a closet and stole guns. The closet was three and a half by four feet, and was located in the home's entryway, just inside the front door. The guns were inside an open safe in the entryway closet.

Based on these facts, the juvenile court made a true finding that M.A. committed grand theft of a firearm and first degree burglary by opening the closet and taking the firearms. M.A. was adjudged to be a ward of the court and was committed to the Breaking Cycles program for a period not to exceed 150 days.

II

DISCUSSION

A. *Entry into a Closet in a Residence Constitutes Entry into a Room for the Purposes of the Burglary Statute*

M.A. contends that, as a matter of law, the undisputed facts do not support a true finding that he committed first degree burglary. He asserts that even though it is undisputed that, with the intent to steal the guns, he opened the entryway closet without being invited to do so, he did not commit burglary because he did not enter the type of structure or space required for the commission of a burglary.

■ We begin with an overview of the law of burglary. Under section 459, a burglary is committed when, among other things, someone "enters any house, room, apartment, . . . store, . . . or other building . . . with intent to commit . . . larceny or any felony." As relevant here, first degree burglary includes the additional element that the burglary was of an "inhabited dwelling house" or other enumerated inhabited structures. (§ 460, subd. (a).)

The main question presented by this appeal is whether entry into the closet at issue here constitutes entry into a "room" within the meaning of section 459. Our resolution of that issue necessarily turns to a great extent on our Supreme Court's discussion in *People v. Sparks* (2002) 28 Cal.4th 71 [120 Cal.Rptr.2d 508, 47 P.3d 289] (*Sparks*).

In *Sparks*, our Supreme Court comprehensively reviewed the history of our state's burglary laws, and more specifically, explored the meaning of the term "room" in section 459. *Sparks* observed that the case law defining the term "room" began with the opinion in *People v. Young* (1884) 65 Cal. 225 [3 P. 813], in which a railway station ticket office—with walls that did not reach

all the way to the ceiling—was considered a room for the purposes of the burglary statute. (*Sparks*, *supra*, 28 Cal.4th at pp. 79–80.) Since then, case law has broadly defined the concept of a room. (*Id.* at pp. 80–81.) In the most relevant of those cases for our purposes, burglary of a room was committed based on the defendant's entry "into an enclosed 'office area' set off by 'a waist-high counter about two-and-one-half feet wide' in the lobby of a building otherwise open to the public" (*ibid.*, quoting *People v. Mackabee* (1989) 214 Cal.App.3d 1250 [263 Cal.Rptr. 183] (*Mackabee*)); "entry into enclosed storage cage within a liquor store" (*Sparks*, at p. 81, citing *People v. Garcia* (1963) 214 Cal.App.2d 681 [29 Cal.Rptr. 609] (*Garcia*)); and "entry into storage room of cafe" (*Sparks*, at p. 81, citing *People v. Gaytan* (1940) 38 Cal.App.2d 83 [100 P.2d 496] (*Gaytan*)). After reviewing the applicable precedent and noting the "personal security concerns of the burglary statute" (*Sparks*, at p. 87), *Sparks* concluded that "a defendant's entry into a bedroom within a single-family house with the requisite intent can support a burglary conviction if that intent was formed only after the defendant's entry into the house," because entry into the bedroom constitutes entry into a separate room for the purposes of section 459. (*Sparks*, at p. 73.)

 *Sparks* is relevant to this case for two reasons. First, it establishes that, as occurred here, a burglary is committed even when the defendant first forms the intent to enter a room inside a home to commit a felony only after he has already entered the house without any felonious intent. Second, as we will explain, although *Sparks* does not expressly decide that entry into a closet should be considered entry into a room for the purposes of section 459, it contains strong guidance supporting that conclusion.

First, *Sparks* is instructive on the issue of whether a closet should be considered a room because it identifies long-standing precedent that has treated areas similar to the closet at issue here as rooms for the purpose of the burglary statute. (*Sparks*, *supra*, 28 Cal.4th at p. 81.) Specifically, in *Garcia* the defendant's entry into a "liquor storage room, or cage" at the rear nonpublic area of a market was entry into a room for the purpose of section 459 (*Garcia*, *supra*, 214 Cal.App.2d at p. 682), and in *Gaytan* the defendant's burglary conviction was based on his entry into "a storage room" in a cafe where the owner "kept cartons of cigarettes, a phonograph and other paraphernalia." (*Gaytan*, *supra*, 38 Cal.App.2d at p. 84.) Storage rooms and closets are very similar in function. Indeed, a large closet easily could be described as a storage room. As *Sparks* expressly noted in setting forth the case law about storage rooms, among other things, the "Legislature has not revised section 459 to disapprove any of these decisions." (*Sparks*, at pp. 86–87.)

*Sparks*'s discussion of the policy behind the burglary laws is also instructive. As *Sparks* explains, the policy behind the burglary statute is based on "personal security concerns" because of " 'the level of risk that the burglar will come into contact with the home's occupants with the resultant threat of violence and harm.' " (*Sparks, supra,* 28 Cal.4th at p. 87.) " 'Just as the initial entry into a home carries with it a certain degree of danger [to personal safety], subsequent entries into successive rooms of the home raise the level of risk that the burglar will come into contact with the home's occupants with the resultant threat of violence and harm.' " (*Id.* at p. 82.) Similarly, in another case our Supreme Court explained: " ' "Burglary laws are based primarily upon a recognition of the dangers to personal safety created by the usual burglary situation—the danger that the intruder will harm the occupants in attempting to perpetrate the intended crime or to escape and the danger that the occupants will in anger or panic react violently to the invasion, thereby inviting more violence. The laws are primarily designed, then, not to deter the trespass and the intended crime, which are prohibited by other laws, so much as to forestall the germination of a situation dangerous to personal safety." ' " (*People v. Montoya* (1994) 7 Cal.4th 1027, 1042 [31 Cal.Rptr.2d 128, 874 P.2d 903] (*Montoya*).) Treating a defendant's entry into a home's closet as an entry into a room for the purpose of the burglary statute is fully consistent with the personal security concerns behind the statute. When a defendant, without permission, enters a closet in a home, he creates the risk that he will come into contact with the occupants of the home who object to his entry into the closet, either during his perpetration of the crime or his escape, and that violence will ensue. Indeed, the occupants of a building could react violently to an intruder's unauthorized entry into a closet, especially a closet containing guns, just as to an intruder's entry into another type of room.

Further, as *Sparks* recognized, another policy behind the burglary statute is to prevent intrusion into an area of the home in which the occupants "reasonably could expect significant additional privacy and security." (*Sparks, supra,* 28 Cal.4th at p. 87; see *Montoya, supra,* 7 Cal.4th at p. 1043 [noting the "the purpose of the statute [is] to protect against an invasion of a possessory right . . ."]; *People v. Glazier* (2010) 186 Cal.App.4th 1151, 1161 [113 Cal.Rptr.3d 108] [the " 'primary purpose' " of the burglary laws " 'is to protect a possessory right in property,' " so " 'an invasion of the occupant's possessory rights' " constitutes burglary regardless of whether actual or potential danger exists].) Applying that policy, a closet must be treated as a room for the purposes of section 459 because occupants of a house reasonably expect additional privacy and security for the contents of their closets regardless of whether they have invited the defendant to enter the living areas of the home.

Treating a closet as a room for the purposes of section 459 is also consistent with the common definition of the word "room." We look to the commonly understood meaning because *Sparks* established that "the unadorned word 'room' in section 459 reasonably must be given its ordinary meaning." (*Sparks, supra,* 28 Cal.4th at p. 87.) As the *Mackabee* court observed, one "common definition of a room" is " 'a part of the inside of a building, shelter or dwelling usually set off by a partition.' " (*Mackabee, supra,* 214 Cal.App.3d at p. 1257, quoting Webster's 3d New Internat. Dict. (1981) p. 1972.) A closet falls squarely within that common definition of a room because it is part of the structural interior of a home, set off by walls and a door.[2]

In sum, based on all of the factors considered by our Supreme Court in *Sparks, supra,* 28 Cal.4th 71, we conclude that the entryway closet at issue here is a "room" within the meaning of the burglary statute.

B. *M.A. Burglarized an Inhabited Dwelling House as Required for a Finding of First Degree Burglary*

In a separate argument, M.A. contends that his entry into the closet cannot support a finding that M.A. committed first degree burglary, which requires burglary of "an inhabited dwelling house." (§ 460, subd. (a).) M.A. argues that the first degree burglary finding was improper because "[t]he hall closet was not an inhabited dwelling space." He argues that "[i]t strains credulity to argue that a 'hall closet' . . . is a separate inhabited dwelling and that opening that closet may result in a conviction of first degree burglary." As we will explain, M.A.'s argument lacks merit.

It is well settled that burglary of an inhabited dwelling house may be accomplished even if the specific room that the burglar unlawfully enters is not a space where people live. In determining whether the defendant has burglarized an inhabited dwelling house, "[t]he question is not whether the specific area is used for sleeping or everyday living, but whether the area is functionally interconnected to and immediately contiguous to the residence, which is used for sleeping or everyday living." (*People v. Rodriguez* (2000) 77 Cal.App.4th 1101, 1110 [92 Cal.Rptr.2d 236].) " ' " 'Functionally interconnected' means used in related or complementary ways. 'Contiguous' means

---

[2] M.A. argues that it would be unreasonable to treat entry into a closet as entry into a room for the purposes of section 459 because "[t]he opening of a closet and taking of items from that closet is no different than opening a cupboard or a drawer within the home." However, the crucial distinction is that no one would reasonably refer to a piece of furniture or a cupboard as a room, whereas a closet is consistent with the common definition of "room," as we have explained. Thus, we do not perceive our holding that a closet is a room to create the danger that entry into an item of furniture or a cupboard could be considered entry into a room for the purposes of section 459.

adjacent, adjoining, nearby or close." ' " (*People v. Jackson* (2010) 190 Cal.App.4th 918, 925 [118 Cal.Rptr.3d 623].) Under that standard, a burglary committed by unlawful entry into a closet located in a residence constitutes burglary of an inhabited dwelling house because a closet is functionally interconnected and contiguous to the portions of a residence in which people carry out activities of everyday living. Therefore, M.A. was properly found to have committed first degree burglary based on his entry into the closet.

## DISPOSITION

The judgment is affirmed.

Huffman, Acting P. J., and Aaron, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 19, 2012, S206094.