Filed 3/19/14  P. v. Borgen CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064320 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD245215) |
| LOUIS CHARLES BORGEN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Alissa Bjerkhoel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this case, which we review under the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), we affirm the appellant's theft and burglary conviction.

FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 2012, defendant and appellant Louis Charles Borgen was apprehended outside a Home Depot store by two security guards employed by the store. The guards had observed Borgen on a security camera when he entered the store with a companion and went to a display of tools. The guards saw Borgen take tools from the display and put them in an orange Home Depot bucket without looking at the prices.

The guards then watched Borgen and his companion go to the more secluded garden department of the store. At that point, one of the guards was following Borgen and directly observing him.

In the garden department, the guard saw Borgen take the tools from the bucket and put them in his companion's backpack. The guard then observed Borgen and his companion engage in what looked like an argument. The apparent argument ended when the companion gave Borgen the backpack and walked back into the main part of the store.

Borgen left the store through an exit in the garden department and was apprehended by the two security guards. Later, he told the guards that he stole the tools because he knew people who wanted them and would buy them from him. Borgen also told the guards that initially he only planned to steal a few items but, when people started watching him, he decided to steal much more. Borgen told the guards that times were tough and that he needed to steal to make ends meet.

2

Prior to trial, Borgen made two *Marsden*[1] motions, which the trial court denied.

During jury voir dire, the trial court excused one juror who had a prepaid event with a member of his family.

At trial, Borgen testified that when he went into the store he planned to buy a number of items, including some cleaning supplies, and pay for them with a debit card.

A jury convicted Borgen of one count of petty theft and one count of burglary. Borgen admitted three prior petty theft convictions. The trial court sentenced Borgen to two 2-year terms of local time (Pen. Code,[2] § 1170, subd. (h)(1) & (5)), stayed one of the terms and imposed a restitution fine of $280.

## DISCUSSION

Borgen's appointed appellate counsel has filed a brief setting forth the underlying facts and procedural history and presenting no argument for reversal but asking this court to review the record for error in accordance with *Wende*. Pursuant to *Anders*, counsel refers to the following possible, but not arguable, issues:

1.      Was counsel ineffective in failing to assert an intoxication defense?

2.      Was counsel ineffective in withdrawing an instruction on attempted theft as a lesser included offense of petty theft?

3.      Did the trial court abuse its discretion in denying probation?

4.      Did the trial court err in imposing the $280 restitution fine?

---

[1]      See *People v. Marsden* (1970) 2 Cal.3d 118, 123-126.

[2]      All further statutory references are to the Penal Code unless otherwise indicated.

3

5.      Did the trial court err in denying Borgen's *Marsden* motions?

6.      Did the trial court err in excusing a juror?

7.      If Borgen did not form an intent to steal until after he was at the tool display, did Borgen's travel from the tool display to the garden area of the store constitute a second entry?

8.      Was a unanimity instruction required with respect to when Borgen formed an intent to steal?

We granted Borgen permission to file a brief on his own behalf, and he has not done so. We have reviewed the record—and, in particular, the issues identified by counsel—and find no arguable grounds for reversal.

With respect to whether counsel was ineffective at trial, we note both areas of potential criticism were arguable tactical decisions by counsel and thus not grounds for disturbing Borgen's conviction. (See *Strickland v. Washington* (1984) 466 U.S. 668, 689; *In re Andrews* (2002) 28 Cal.4th 1234, 1253.)

In denying probation, the trial court stated: "[Y]ou have a significant prior record. You have nine prior convictions and at least three felony convictions. And I just can't find this to be an unusual case to grant you probation." A trial court's decision denying probation must be upheld unless the defendant can show the decision was irrational or arbitrary. (*People v. Ferguson* (2011) 194 Cal.App.4th 1070, 1091-1092.) A single valid reason will support a sentencing choice. In light of Borgen's record, he cannot show the trial court abused its discretion in denying him probation.

Because at the time Borgen committed the thefts he was subject to a $10,000 fine

4

under section 1202.4, imposition of a fine above the $240 minimum required at the time the offense was committed, but below the existing maximum, did not offend the guarantee against imposition of an ex post facto punishment. (See *People v. Snook* (1997) 16 Cal.4th 1210, 1221 [ex post facto prohibition prevents increases in punishment beyond what was prescribed at time of offense].) Moreover, there is nothing in the record that indicates the trial court intended to impose the statutory minimum in effect at the time of the crimes; rather, it is quite possible the trial court determined the minimum in effect at the time of sentencing was more appropriate. Thus, there was no error or abuse of discretion in imposition of the $280 restitution fine.

We have reviewed the transcripts of both *Marsden* hearings at which Borgen complained about his dissatisfaction with the offers being made by the district attorney. As the trial court explained at the hearings, neither counsel nor the trial court can compel the district attorney to make more lenient disposition offers. The trial court did not abuse its discretion in denying the *Marsden* motions.

The trial court did not abuse its discretion in excusing a prospective juror because of the hardship posed by interruption of a prepaid family event. (See *People v. Tate* (2010) 49 Cal.4th 635, 663 [excusing prospective juror for hardship reviewed for abuse of discretion]; *People v. Bell* (1998) 61 Cal.App.4th 282, 287 [family obligations support excusing prospective juror].)

Borgen's travel from one part of the Home Depot to the separate and secluded garden area would support a separate entry such that he would be guilty of burglary if he had the intent to steal either before he entered the Home Depot or before he went to the

garden department. (See *People v. Sparks* (2002) 28 Cal.4th 71, 73; *In re M.A.* (2012) 209 Cal.App.4th 317, 321; *People v. Mackabee* (1989) 214 Cal.App.3d 1250, 1257-1258.) No unanimity instruction was needed with respect to whether the intent to steal arose before Borgen entered the store or after he entered the store but before he went to the garden department. (*People v. Taylor* (2010) 48 Cal.4th 574, 627-628; see also *People v. Russo* (2001) 25 Cal.4th 1124, 1135-1136 [in conspiracy case no unanimity required as to which overt act conspirators committed].)

We find Borgen was adequately represented by counsel on appeal.

## DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

McDONALD, J.

6