## UNITED STATES v. McCONNELL et al.

(District Court, E. D. Pennsylvania. January 2, 1923.)

### No. 55.

**1. Indictment and information ⬅124(5)—Two or more acts or transactions cannot be charged against different persons.**

While, under Rev. St. § 1024 (Comp. St. § 1690), it is allowable to join in one indictment several charges against a person for the same act or transaction, or for two or more acts or transactions connected together, or two or more acts or transactions of the same class of crimes or offenses which may be properly joined, there is no authority for joining in one indictment, even in separate counts, such charges against different persons.

**2. Indictment and information ⬅127—Different charges against defendant must be set out in different counts.**

When several charges for the same act or transaction, or for two or more connected acts or transactions, or two or more transactions of the same class of crimes or offenses are joined, each charge, under Rev. St. § 1024 (Comp. St. § 1690), must be set out in a different count.

**3. Indictment and information ⬅124(5)—Question whether conspiracy is single is one of evidence, and does not render indictment void.**

The question whether a conspiracy charged in an indictment to be a general one among defendants, but to be executed through different parties thereto by different acts at different times and in different places, is a single conspiracy, is a question of fact, and when the indictment sufficiently charges a general conspiracy, formed knowingly, willfully, and unlawfully, it should not be held void because of its division of the entire class of conspirators into several groups, having different acts and functions to perform.

**4. Conspiracy ⬅24—No conspiracy when groups working towards different ends, though similar in character.**

If different groups of persons, though having a similar general purpose, were co-operating without any privity with each other, and not towards the same common end, but towards separate ends, similar in character, such combination could not constitute a single conspiracy, but several conspiracies, which could not be joined in one indictment, under Rev. St. § 1024 (Comp. St. § 1690).

**5. Conspiracy ⬅43(10)—What may be shown by evidence immaterial on demurrer.**

When indictment charged a conspiracy by all defendants to defraud the United States through the unlawful issuance of permits to purchase liquor, to be accomplished through several groups, who were to carry out parts of the conspiracy, and that each defendant knew of the general conspiracy, the question whether the evidence will show such knowledge, or will show that the so-called general conspiracy was in fact the doing of things having similar unlawful purposes in view by separate groups, is of no concern on demurrer, but raises trial questions.

Criminal prosecution by the United States against one McConnell and others. On demurrers to the indictment. Demurrers overruled, and judgment of respondeat ouster entered.

John Robert Jones, Asst. U. S. Atty., and George W. Coles, U. S. Atty., both of Philadelphia, Pa.

Joseph H. Reich, of Pittsburgh, Pa., William A. Gray, Joseph Willing, John W. Crolly, and J. Washington Logue, all of Philadelphia, Pa.,

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Smith & Reilly, of Newark, N. J., Benjamin Lencher, of Pittsburgh, Pa., E. D. Brown and H. S. Dumbauld, both of Uniontown, Pa., David A. Rahilly, of Philadelphia, Pa., Thomas F. Farrell, of Wilkes-Barre, Pa., Robert J. Sterrett, of Philadelphia, Pa., Bernard B. McGinnis, of Pittsburgh, Pa., Abraham Salsburg, of Wilkes-Barre, Pa., Oscar R. Cummins, of Johnstown, Pa., Ralph C. Davis and Mortimer B. Lesher, both of Pittsburgh, Pa., Henry W. Braude and Chas. D. McAvoy, both of Philadelphia, Pa., Fred B. Moser, of Shamokin, Pa., George Russell, of Philadelphia, Pa., E. Lowry Humes and Mayer Sniderman, both of Pittsburgh, Pa., John Dando, of Wilkes-Barre, Pa., Joseph H. Lieberman, of Philadelphia, Pa., and Andrew Hourigan, of Wilkes-Barre, Pa., for defendants.

THOMPSON, District Judge. The indictment charges a conspiracy to defraud the United States by the unlawful issuance of permits to purchase liquor in amounts and character other than those to which the permittee was lawfully entitled, to persons not permittees, and in the names of permittees who had not made applications or applied for permits, and at offices of the Director of Prohibition, where the records of permittees were not on file. The indictment sets out that the 47 defendants named conspired to defraud the United States in issuing and causing to be issued fraudulent permits by McConnell, Prohibition Director, and prohibition agents in charge of the Philadelphia and Pittsburgh offices, to be used by others in obtaining liquor from vendors for unlawful sale, delivery, and transportation. A widespread conspiracy is charged, of which McConnell, the Federal Prohibition Director for Pennsylvania, is made the head, with, as subheads, Wolfe, the prohibition agent in charge of the Pittsburgh office, Slater, prohibition agent and secretary to the Director, and Benner, prohibition agent, both of the latter of the Philadelphia office, and all three having the power of approving applications for permits, and Wolfe and Slater having authority to sign the Director's name and issue permits for their respective localities.

The conspiracy was to be accomplished through subgroups. The fraudulent permits were to be issued by McConnell, Slater, and Benner, to Singer, Blumberg, and others, who were to use them in the purchase and withdrawal of liquor, were to cause it to be transported, and were to sell and deliver it to Bookbinder, McCarter, and others. They were to be issued by McConnell and Wolfe to Robin and others, who were to use them in the purchase and withdrawal of liquor, were to cause it to be transported, and were to sell and deliver it to persons unknown. They were to be issued by McConnell and Wolfe to Branagan and Gottfried and others, who were to use them in the purchase and withdrawal of liquor, were to cause it to be transported, and were to sell and deliver it to persons unknown. They were to be issued by McConnell, Slater, and Benner to Smith, Kearns, and others, who were to use them in the purchase and withdrawal of liquor, were to cause it to be transported, and were to sell and deliver it to persons unknown. The indictment then sets out overt acts by Wolfe, Benner,

and Slater in connection with the issuing and signing of permits, and by Singer and Blumberg in relation to the transportation of liquor.

[1-4] If the pleader had not set out the issuing of the fraudulent permits to a number of separate groups of conspirators, the demurrer would have to be overruled, under the authority of Judge Dickinson's opinion and judgment in the case of United States v. Slater et al. (D. C.) 278 Fed. 266, No. 165, September Sessions, 1921, as in the charging part of the indictment and the description of the conspiracy the language of the indictment now under consideration is practically an exact paraphrase of the indictment held good in that case. But in the present case the pleader has done more. He has set out in one count of the indictment a conspiracy which includes separate acts by separate groups connected through Wolfe, Slater, and Benner, with McConnell as the head, which the defendants contend is in effect the charging of four separate conspiracies in one count.

While, under section 1024, R. S. (Comp. St. § 1690), it is allowable to join in one indictment several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses which may be properly joined, instead of having several indictments, there is no authority under the law for joining in one indictment, even in separate counts, such charges against different persons, and, where they are against the same persons, each charge must be set out in a different count. The question whether the conspiracy charged in the indictment to be a general one among the defendants named, which is to be executed through different parties to the general conspiracy by different acts at different times and in different places, is indeed a single conspiracy, is a question of fact, and, if the indictment sufficiently charges such a general conspiracy formed knowingly, willfully, and unlawfully, it should not be held void because of the mere division of the entire class of conspirators into several groups having respectively different acts and functions to perform. Wilson v. United States, 190 Fed. 427, 111 C. C. A. 231. If, however, the charge of conspiracy in the indictment is merely that all the defendants had a similar general purpose in view, and that each of four groups of persons were co-operating without any privity each with the other, and not towards the same common end, but toward separate ends similar in character, such a combination would not constitute a single conspiracy, but several conspiracies, which not only could not be joined in one count, but not even in one indictment. Section 1024, R. S.; McElroy v. U. S., 164 U. S. 76, 17 Sup. Ct. 31, 41 L. Ed. 355; Frohwerk v. United States, 249 U. S. 204, 39 Sup. Ct. 249, 63 L. Ed. 561; United States v. Clark (D. C.) 125 Fed. 92. But we must look, not to what may be the evidence to support the charge in the indictment, but to the charge itself, and see whether it sets out what Mr. Justice Holmes in United States v. Kissel, 218 U. S. 601, 31 Sup. Ct. 124, 54 L. Ed. 1168, aptly terms "a partnership in criminal purposes."

[5] The indictment charges that all the defendants conspired together knowingly, willfully, and unlawfully to defraud the United

States in the manner and by the means thereinafter set out, in which conspiracy each defendant named, with the exception of Slonaker, was assigned a part. That each defendant knew of 'the general conspiracy is sufficiently averred. The question of whether or not the evidence will develop a knowledge on the part of all the defendants of the plan of the general conspiracy, and privity in the manner and means by which it was to be accomplished, does not concern us upon the demurrer. Neither does it concern us for the present purpose whether the prosecution will be able to show that, what is charged to be a general conspiracy, was not in fact the doing of things having similar unlawful purposes in view by separate groups, connected only at one end of the state through Wolfe with McConnell and at the other end of the state through Slater and Benner with McConnell. Those are purely trial questions.

As to Slonaker, the indictment charges that he knowingly conspired with the others, and, although it is nowhere stated what he was to do in connection with the conspiracy, it is charged with particularity of what the conspiracy consisted, and Slonaker's knowledge thereof. He or any other defendant has the lawful right to apply for a bill of particulars.

As to each demurrer, it is ordered that it be overruled, and a judgment of respondeat ouster entered.