# STATE OF CONNECTICUT
### vs.
# T. FRANK HAYES, ET AL.

| Superior Court | New Haven County<br>(At Waterbury) | File #6026 |

MEMORANDUM FILED JULY 20, 1938.

For appearances, see *State vs. Hayes,* 6 Conn. Sup. 215.

INGLIS, J.  Many of the grounds of demurrer assigned are the same grounds assigned in the pleas in abatement (6 Conn. Sup. 215) or the motions to quash (6 Conn. Sup. 227) in these proceedings.  The reasons for overruling them which appear in the memoranda on those pleadings still obtain here.

So far as practically all of the other grounds of demurrer are concerned, they all rest back on the fact that the information alleges certain overt acts in each of which only a limited number of the accused are alleged to have participated.  Counsel for the accused seem to construe the information as though it were made up only of those allegations of overt acts, forgetting that the gist of the information is the charge that all of the accused entered into a single conspiracy to defraud the City of Waterbury by the use of unlawful means.  That is the charge set forth in the first few pages of the information.  All of the rest of the information is taken up with the allegations setting forth the unlawful means adopted by all of the conspirators and put into operation by various groups of the conspirators and also overt acts done by various conspirators in pursuance of the conspiracy.  When it is borne in mind that the information charges in the main that all of the accused were parties to a single conspiracy and that all of the allegations of other specific acts are simply incidental to that main charge, it becomes apparent that the grounds of demurrer are not well taken.

Take for instance the claim made by some of the accused that the statute of limitations has barred the prosecution.  That is based upon the contention that the overt acts alleged are, at most, misdemeanors and, therefore, outlawed after one year.  It may be true that some of the overt acts alleged to have been done in pursuance of the conspiracy are merely misdemeanors, but the real charge is that of conspiracy, a continuing conspiracy, which operated down to the date of the information.  A prosecution for conspiracy is barred only after five years from the date that it ceased to operate.  It is therefore obvious that the conspiracy here charged is not barred by the statute of limitations.

So it is with reference to the claim made by the two Coppetos and Purdie, that the only charge against them is that they struck a good bargain with the city and that is no crime.  Whether the overt acts in which it is charged that the Cop-

petos or Purdie participated, in themselves, constitute a crime, is immaterial. The fact is that they are charged with unlawfully conspiring with the other accused, and that is a crime.

Several of the accused say in substance that it prejudices them to charge them with separate misdemeanors in the absence of facts from which it can reasonably be concluded that those specific acts were a part of the conspiracy. The answer of course, is that they are not charged only with those misdemeanors. The charge is that they were members of a conspiracy and it is charged that the misdemeanors were committed in pursuance of that conspiracy.

The ground of demurrer which is, in substance, that there is no allegation that the overt acts done by the various accused respectively were done with the knowledge that they were done in pursuance of any conspiracy, likewise fails when it is remembered that each of the accused is charged with having been a member of the conspiracy. If he was a member of the conspiracy it follows that he had knowledge of the fact that the acts which he did were being done in pursuance of that conspiracy. He also was chargeable with knowledge of the acts done by any of his fellow conspirators if they were done, as it is alleged they were, in pursuance of the conspiracy. And all this is true whether the particular conspirator was an original member of the conspiracy or joined it later.

Still another ground of demurrer set up by several of the accused is that there is no privity among the various groups of the accused, each of which group is charged with having committed overt acts separate and distinct from those committed by the other groups. It is claimed that there is no connection alleged among the various groups. And from this follows the other ground of demurrer, namely, that there has been a misjoinder of causes of action or of alleged crimes.

It is of course true that, if this information charged a group of several little conspiracies, each conspiracy involving different groups of accused, it would be demurrable for misjoinder. It is fundamental that it is not permissible to join in one information charges of two or more separate crimes against different individuals or groups of individuals. However, as pointed out at the beginning of this memorandum, the allegation in this information is that all of the accused conspired together. It is one single conspiracy which is charged. Proof simply of a number of separate independent conspiracies

would not be proof of the conspiracy alleged. *Terry vs. U. S.* 7 Fed. (2d) 28 (C.C.A.); *Wyatt vs. U.S.*, 23 id. 791 (C.C. A.); *Tinsley vs. U. S.*, 43 id. 890 (C.C.A.); *U. S. vs. Siebricht*, 59 id. 976 (C.C.A.). That, however, is a matter of proof. *U. S. vs. McConnell*, 285 Fed. 164 (D.C.); *Wilson vs. U. S.*, 190 id. 427 (C.C.A.). In ruling upon a demurrer the Court is not concerned with what the proof may be. In this case all of the allegations of fact contained in the information are admitted for the purpose of the demurrers. And the allegation of the information is that there was one single conspiracy in which each and all of the accused were conspirators. In the face of that allegation, it certainly can not be held that the information fails to allege that there was privity among all of the accused. It can not be held that there has been a misjoinder of causes of action.

For the foregoing reason all of the demurrers are overruled.