[Civ. No. 13359.   First Dist., Div. Two.   Feb. 7, 1947.]

ALTA ANDERSON, Petitioner, v. THE SUPERIOR COURT
OF ALAMEDA COUNTY, Respondent.

J. W. Ehrlich for Petitioner.

Ralph E. Hoyt, District Attorney, Arthur H. Sherry, Assistant District Attorney, and John S. Cooper, Deputy District Attorney, for Respondent.

DOOLING, J.—This is a companion case to *Stern* v. *Superior Court,* this day decided (*ante,* p. 9 [177 P.2d 308]). The evidence before the grand jury as to this defendant, who was jointly indicted with Stern and sixteen others, shows that several pregnant women who desired to be aborted visited the home and place of business of this petitioner in San Francisco, were given a physical examination to establish the

fact of their pregnancy and were directed to go to the place of business of Stern in Alameda County. Upon some of these women Stern performed abortions and there is evidence that in the case of those so aborted he paid a portion of his fee to this petitioner. The trial court quashed the indictment against this petitioner as to counts 2, 4 and 5, apparently upon the theory that the abortions alleged in those counts were performed before there is any evidence to connect this petitioner with the conspiracy.

In addition to the points made and disposed of in *Stern* v. *Superior Court, supra,* this petitioner argues that if the evidence shows a conspiracy at all, it shows no more than a separate conspiracy between herself and Stern, and is not sufficient to show that she was a party to the general conspiracy alleged in the indictment. She practically concedes that as to counts 6 and 15 of the indictment there is evidence to support those counts against her, since there is evidence that the two abortions alleged in those counts were performed upon women sent by her to Stern for the purpose of having abortions performed upon them. As to the conspiracy count and the other substantive offenses she challenges the sufficiency of the evidence.

We are in full accord with the cases cited by petitioner to the effect that a conspiracy between A and B to commit a specific crime or crimes will not make A liable as a conspirator with B and C if B and C enter into a separate conspiracy to commit a different crime or crimes. However it is equally settled that ''One who joins a conspiracy after its formation is liable as a conspirator just as are those who originated it'' (11 Am.Jur. 548; 15, C.J.S. 1060; *Marino* v. *United States*, 91 F.2d 691, 696), ''nor is it necessary that such conspirator should have seen the others, or have knowledge as to who all the members of the conspiracy are'' (15 C.J.S. 1063; 11 Am.Jur. 548).

This subject is so clearly discussed in *Lefco* v. *United States*, 74 F.2d 66 at pp. 68 and 69 as to warrant an extended quotation:

''There is nothing new in this defense of multiple conspiracies and nothing uncertain in the law arising from such a defense. Of course, to sustain a verdict on an indictment charging one particular conspiracy the evidence must establish the conspiracy charged. Evidence that establishes another conspiracy or several other conspiracies will not sustain

the verdict. From this statement of law defendants, when in extremity, commonly resort to the contention that, not knowing all the conspirators or not knowing all the others were doing, they are responsible only for what they themselves were doing when caught, and as that usually is only a part of the conspiracy, they say, the part being less than the whole, it is different from the whole and in consequence is not the conspiracy alleged in the indictment and, for lack of proofs, they should be acquitted.

"Common design is the essence of conspiracy. The crime may be committed whether or not the parties comprehend its entire scope, whether they act separately or together, by the same or different means, known or unknown to some of them, but ever leading to the same unlawful result. *Allen* v. *United States* (C.C.A.) 4 F.2d 688, 691; *McDonnell* v. *United States* (C.C.A.) 19 F.2d 801; *Capriola* v. *United States* (C.C.A.) 61 F.2d 5, 9; *Williamson* v. *United States,* 207 U.S. 425, 28 S.Ct. 163, 52 L.Ed. 278; *Pierce* v. *United States,* 252 U.S. 239, 243, 40 S.Ct. 205, 64 L.Ed. 542. All conspirators need not be acquainted with one another, nor need they have originally conceived or participated in the conception of the conspiracy. Those who come on later and cooperate in the common effort to obtain the unlawful results become parties thereto and assume responsibility for all done before. *Van Riper* v. *United States* (C.C.A.) 13 F.2d 961; *Coates* v. *United States* (C.C.A.) 59 F.2d 173. Nor does the mere fact that conspirators individually or in groups perform different tasks to a common end split up a conspiracy into several different conspiracies. *United States* v. *McConnell* (D.C.) 285 F. 164; *Wilson* v. *United States* (C.C.A.) 190 F. 427 [111 C.C.A. 231].

"Whether the proofs establish the conspiracy alleged by an indictment or establish several conspiracies not alleged may, however, be a valid question and in such case it is a question of fact for the jury. *United States* v. *McConnell* (D.C.) 285 F. 164."

The inference is almost compelled, if the evidence is believed, that this petitioner knew that Stern was engaged in the commission of abortions not casually but as a regular business and that others, like herself, had conspired with him to further his operations. If the grand jury concluded that, with this knowledge, she saw fit to join with him and those others, even though unknown to her, in furthering the unlawful activities of the group we cannot say that the grand jury

did not have substantial evidence upon which to find the indictment.

If she did join the conspiracy she is responsible for the substantive offenses later committed as a part of the conspiracy. (*People* v. *Kauffman,* 152 Cal. 331 [92 P. 861]; *People* v. *Welch,* 89 Cal.App. 18 [264 P. 324]; *People* v. *Murphy,* 53 Cal.App. 474 [200 P. 484].)

The alternative writ heretofore issued is discharged and the petition for a writ of prohibition is denied.

Nourse, P. J., and Goodell, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 3, 1947. Carter, J., voted for a hearing.