[Civ. No. 13357. First Dist., Div. Two. Feb. 7, 1947.]

LUCILLE DAVIS et al., Petitioners, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

Bernheim, Popper & Sugarman for Petitioners.

Ralph E. Hoyt, District Attorney, Arthur H. Sherry, Assistant District Attorney, and John S. Cooper, Deputy District Attorney, for Respondent.

DOOLING, J.—The petitioners are joined as codefendants in the indictment discussed in *Stern* v. *Superior Court*, this day decided (*ante*, p. 9 [177 P.2d 308]). Petitioner Stock is a licensed physician and petitioner Davis acted as his office nurse. As in the case of *Anderson* v. *Superior Court* (*ante*, p. 22 [177 P.2d 315]) certain of the substantive counts have been quashed as to these defendants. In addition to the points disposed of in *Stern* v. *Superior Court* these petitioners argue that there is no legal evidence to connect them with the alleged conspiracy.

There is evidence that petitioner Davis referred many women to Stern for the purpose of having abortions performed and received a percentage of his fees from such abortions, that she participated in hiring an unlicensed woman to act as one of Stern's nurses and that she paid some of Stern's bills at his Richmond establishment in Contra Costa County. This evidence fully supports the indictment as to her.

There is evidence that petitioner Stock visited Stern's place of business in Richmond and asked to be permitted to go into the surgery and watch Stern work, but that Stern refused his request; that Stock made the arrangements to rent the place of business in Oakland to which Stern moved after the police closed his place of business in Richmond; that Stock procured and paid the fee on a business license in Stock's name for the Oakland address; and that Stock arranged with the owner of the Oakland building for Stern to move in, saying that Stern was his X-ray technician.

Stock had been using drugs to excess and went into a sanitarium about the time the Oakland place was opened and continued to be hospitalized until after August 23, 1946, the date on which Stern's place of business was finally closed. He appeared before the grand jury and denied all knowledge

of Stern's illegal business. The grand jury manifestly was not bound by Stock's denials, if it chose to disbelieve them.

The evidence of Stock's presence in the Richmond establishment and his desire to see Stern operate is some evidence of his knowledge of the character of Stern's business; and his subsequent conduct in arranging for Stern to occupy a place in Oakland which he agreed to rent and for which he procured a business license in his own name, while it might be innocent if he believed Stern to be an X-ray technician, takes on a different color if he knew Stern to be a professional abortionist.

It is said in *Greenberg* v. *Superior Court,* 19 Cal.2d 319, 322 [121 P.2d 713]:

"It has long been settled in most jurisdictions that an indictment is invalid if it is unsupported by any evidence before the grand jury. (See cases collected in 59 A.L.R. 567.) If there is some evidence to support the indictment the courts will not inquire into its sufficiency (see cases collected in 59 A.L.R. 573). . . ."

It has long been settled that in the analogous case of an information the evidence before the committing magistrate is not subject to the same test as that before a trial jury in a criminal case and probable cause may be found for the holding to answer although the evidence does not establish the defendant's guilt beyond a reasonable doubt. All that is required is a reasonable probability of the defendant's guilt. (*People* v. *Mitchell,* 27 Cal.2d 678, 681 [166 P.2d 10]; *People* v. *Wisecarver,* 67 Cal.App.2d 203, 209 [153 P.2d 778]; 7 Cal. Jur. 982.)

The Supreme Court in *Greenberg* v. *Superior Court, supra,* did not explain whether it thought that the same rule should apply in the case of an indictment as in the case of an information. It at least indicated that no severer rule should be applied when it used the language above quoted.

We are satisfied that the evidence against petitioner Stock if given before a committing magistrate would support an information. We must hold (quoting the language of the Greenberg case) that "there is some evidence to support the indictment."

The alternative writ heretofore issued is discharged and the petition for a writ of prohibition denied.

Nourse, P. J., and Goodell, J., concurred.