TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 91-106 |
| of | : | |
| | : | SEPTEMBER 26, 1991 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| RONALD M. WEISKOPF | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE GEORGE KENNEDY, DISTRICT ATTORNEY, COUNTY OF SANTA CLARA, has requested an opinion on the following question:

What is the standard of proof a grand jury must use to indict under the provisions of Penal Code section 939.8?

CONCLUSION

The standard of proof a grand jury must use to indict under the provisions of Penal Code section 939.8 is the same as that used by a magistrate at a preliminary examination: proof constituting reasonable or probable cause to believe that a public offense has been committed and that the defendant is guilty of having committed it.

ANALYSIS

Penal Code section 939.8[1] provides:

"The grand jury shall find an indictment when all the evidence before it, taken together, if unexplained or uncontradicted, would, in its judgment, warrant a conviction by a trial jury."

In 61 Ops.Cal.Atty.Gen. 441 (1978) we concluded that this statutory standard of proof for grand jury indictments was tantamount to one of "strong suspicion" of guilt:

---

[1]All section references are to the Penal Code unless otherwise specified.

"[T]he standard of proof a grand jury must use to indict is the same as that before a magistrate at a preliminary examination, that is, proof constituting reasonable or probable cause which means evidence presented to the grand jury which, if unexplained or uncontradicted, would warrant the grand jury in entertaining a strong suspicion of the guilt of the accused."

We are now asked to reexamine the reasoning of our 1978 opinion. It is suggested that our prior conclusion is in conflict with the language of section 939.8 ("when all the evidence . . . would . . . warrant a conviction"), since conviction by a trial jury requires proof "beyond a reasonable doubt," i.e., "an abiding conviction, to a moral certainty, of the truth of the charge" (§ 1096; see *People* v. *Saddler* (1979) 24 Cal.3d 671, 679-680; *People* v. *Vann* (1974) 12 Cal.3d 220, 225-228; *People* v. *Rubalcava* (1988) 200 Cal.App.3d 295, 300-301). Instead, our prior opinion adopted the "reasonable or probable cause" test set forth in section 995 governing court review of indictments[2] and informations.[3] For purposes of section 995, "reasonable or probable cause" has been defined as a state of facts as would lead a person of ordinary caution or prudence to believe and conscientiously entertain a "strong suspicion" of the guilt of the accused. (See *Taylor* v. *Superior Court* (1970) 3 Cal.3d 578, 581-582 [information]; *Cotton* v. *Superior Court* (1961) 56 Cal.2d 459, 462 [indictment]; *People* v. *Nagle* (1944) 25 Cal.2d 216, 222 [information].)

The "reasonable or probable cause" standard is the equivalent of the "sufficient cause" test of sections 871 and 872[4] governing when a magistrate after a preliminary hearing must either discharge the defendant or issue an order holding him or her to answer the complaint. (See *People* v. *Uhlemann* (1973) 9 Cal.3d 662, 667; *Williams* v. *Superior Court* (1969) 71 Cal.2d 1144, 1147; *Rogers* v. *Superior Court* (1955) 46 Cal.2d 3, 6-7; *Ortega* v. *Superior Court* (1982) 135 Cal.App.3d 244, 256.)

Does the language "when all the evidence . . . would . . . warrant a conviction by a trial jury" contained in section 939.8 mean that a grand jury is to use the same standard in determining whether to indict as does a trial jury in determining whether to convict? Reaffirming our 1978 opinion, we believe that the answer is "no."

---

[2] Section 995 provides: "(a) ... [T]he indictment ... shall be set aside by the court in which the defendant is arraigned, upon his or her motion, in either of the following cases: "(1) .... (B) [T]he defendant has been indicted without reasonable or probable cause."

[3] Section 995, subdivision (a)(2)(B) provides that an information must be set aside by the court in which a defendant is arraigned if "the defendant had been committed without reasonable or probable cause." In *People* v. *Flanders* (1956) 140 Cal.App.2d 765, the court said that "the cases decided under [the] section relating to the setting aside of an information for lack of reasonable or probable cause should be followed in principle in regard to cases involving indictments." (*Id.* at 768; see also *People* v. *Hopkins* (1951) 101 Cal.App.2d 704, 708; *Davis* v. *Superior Court* (1947) 78 Cal.App.2d 25, 27.)

[4] Section 871 provides: "If, after hearing the proofs, it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate shall order the complaint dismissed and the defendant to be discharged...." Section 872 provides: "(a) If, however, it appears from the examination that a public offense has been committed, and there is sufficient cause to believe that the defendant is guilty, the magistrate shall ... order ... `that he or she be held to answer to the same.'"

In *People* v. *Boehm* (1969) 270 Cal.App.2d 13, 22, the court stated: "It should be borne in mind that grand jury proceedings are part of the *charging process* of our criminal procedure, as distinguished from the later *guilt finding process*," and at that first stage, "[e]vidence that will justify a prosecution need not be sufficient to support a conviction" (*Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474). Thus, in the case of the quantum of evidence necessary to support a magistrate issuing a holding order following a preliminary examination, it has been said:

> "[T]he probable cause test is not identical with the test which controls a jury.... The jury must be convinced to a moral certainty and beyond a reasonable doubt of the existence of the crime charged in the information and of every essential element of that crime. But a magistrate conducting a preliminary examination must be convinced of only such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused. [Citations]." (*Taylor* v. *Superior Court*, *supra*, 3 Cal.3d at 582.)

Since the "sufficient cause" test of sections 871 and 872 is equivalent to the "probable cause" test of section 995, the same would be true of the quantum of evidence needed under the latter section to test the validity of an indictment or information. (See, e.g., *Lorenson* v. *Superior Court* (1950) 35 Cal.2d 49, 56-57; *People* v. *Aday* (1964) 226 Cal.App.2d 520, 526-527; *People* v. *Hjelm* (1964) 224 Cal.App.2d 649, 653.)

While no case has directly interpreted the language of section 939.8 with respect to the question presented, the proper standard for grand jury action was suggested in several cases. For example, in *People* v. *Aday*, *supra*, the court said:

> "Our function is like that of the trial court, i.e., to determine whether the members of the grand jury, acting as men of ordinary caution or prudence, could be led to believe and conscientiously entertain a reasonable suspicion that the defendants were guilty of the offense." (226 Cal.App.2d at 526.)

In *Mold* v. *Superior Court* (1950) 35 Cal.2d 73, 75, it was said:

> "[I]t is the duty of the grand jury, and not of the courts, to decide which of two logical inferences should be drawn from substantial evidence tending to prove that a crime was committed. When the indictment does not rest upon arbitrary action and the evidence adduced affords some rational ground for the possibility that the person named in the indictment is guilty, a court will not prevent a trial of the defendant."

In *Weber* v. *Superior Court* (1950) 35 Cal.2d 68, 69, the Supreme Court observed:

> "Perhaps, when the conduct of Weber is explained to a trier of fact, he will not be convicted, but the question of his guilt or innocence is not now before this court. The present issue does not concern the quantum of evidence necessary to sustain a judgment of conviction but only the question as to whether the grand jurors, acting as men of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense had been committed in which Weber participated."

Looking at the general function of grand jury indictments in the criminal process, we find that prosecutions may proceed upon a grand jury indictment or upon information following the filing of a complaint and preliminary hearing. (Cf. Cal. Const., art. I, §§ 14, 14.1; §§ 682, 737-739,

889, 949.) "Both prosecutorial methods are . . . designed to insure there is probable cause to believe that a felony has been committed and that the accused is guilty of it before he is subjected to the rigors, the expense, the jeopardy, and the obloquy of a trial." (*Johnson* v. *Superior Court* (1975) 15 Cal.3d 248, 256 (conc. opn. of Mosk, J).) Thus in the scheme of things the purpose for a grand jury indictment is the same as a magistrate's holding order at a preliminary examination: it serves as a screening to assure that one is not improperly charged and prosecuted. (*Cf. Rogers* v. *Superior Court, supra,* 46 Cal.2d at 7.) As was said in *Greenberg* v. *Superior Court* (1942) 19 Cal.2d 319, 321, the "grand jury's function is to return an indictment against a person only when the evidence presented to it indicates that he has committed a public offense."

The evidence necessary to start the process at this "screening stage" of the criminal process does not deal with absolute certainties regarding a person's guilt. Reasonable and probable cause to justify a prosecution may exist "`although there may be some room for doubt.'" (*Lorenson* v. *Superior Court, supra,* 35 Cal.2d at 57.) In *Davis* v. *Superior Court, supra,* 78 Cal.App.2d at 27, the court said:

"It has long been settled that in the analogous case of an information the evidence before the committing magistrate is not subject to the same test as that before a trial jury in a criminal case and probable cause may be found for the holding to answer although the evidence does not establish the defendant's guilt beyond a reasonable doubt. All that is required is a reasonable probability of the defendant's guilt. [Citations.] [¶] The Supreme Court in *Greenberg* v. *Superior Court, supra,* did not explain whether it thought that the same rule should apply in the case of an indictment as in the case of an information.... At least it indicated that no severer rule should be applied...."

Accordingly, we reaffirm that the standard of proof upon which a grand jury must indict is that found in the "probable cause" or "sufficient cause" test. When the Legislature spoke in section 939.8 of a grand jury finding an indictment, we believe it meant that an indictment should be returned if there is a "strong suspicion" that a crime has been committed and that the defendant committed it.

This determination is reinforced by section 995, which sets forth the same standard of judicial review to test the propriety of the action of a grand jury and that of a magistrate at a preliminary examination (or the sufficiency of an information). The uniform standard of judicial review indicates similar degrees of proof for the underlying actions.

In answer to the question presented, therefore, we conclude that the standard of proof a grand jury must use to indict under the provisions of section 939.8 is the same as that used by a magistrate at a preliminary examination: proof constituting reasonable or probable cause to believe that a public offense has been committed and that the defendant is guilty of committing it.

*****