[No. 10,954.  Department One.—May 8, 1884.]

THE PEOPLE RESPONDENT, *v.* JOHN H. YOUNG, APPELLANT.

CRIMINAL LAW—BURGLARY—INSTRUCTIONS.—Where an information charges a burglary in that the defendant entered the building with intent to commit larceny, it is not error to refuse to charge the jury that the defendant could not be convicted unless he entered with intent to commit "some felony."

ID.—One who enters a room of a house with burglarious intent, enters the house with such intent; and where the room was known as a ticket office, it is properly described as "a building, to wit, the ticket office."

ID.—It is not error to define burglary as laid down in section 459 of the Penal Code.

ID.—CONSTRUCTION OF ROOM—PARTITION.—Where the court charged the jury that to constitute a room the partition between it and the rest of the house need not extend to the ceiling or roof of the house, but that a partition eight or nine feet high from the floor would be a sufficient partition, such instruction is not charging a fact, but merely stating that a room may be constructed without a partition reaching to the ceiling.

ID.—It is proper to instruct the jury, on the trial of a charge of burglary, that the case must be decided by reference to the evidence bearing upon the issues, and that it is of no consequence whether defendant is married or single.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*E. M. Gibson,* and *Welles Whitmore,* for Appellant.

*Attorney-General Marshall,* for Respondent.

The COURT.—The information charges a burglary, in that the defendant, etc., did feloniously, etc., enter "the building, to wit, the ticket office of the Central Pacific Railroad Company, a corporation," etc., with intent then and therein to commit larceny.

The evidence showed that the outer door of the house at the railway station led into a waiting-room for passengers, and in this room was a door leading into an inner room—the "ticket office"—from which the evidence tended to prove the goods were stolen.

1. The information charged an intent to commit larceny. The court was therefore justified in refusing to charge the jury

that defendant could not be convicted unless he entered the building known as the ticket office with intent to commit "some felony." The charge would have been error against defendant, since it would imply that he could be convicted if he entered with intent to commit *any* felony.

2. The court did not err in refusing to charge that if defendant conceived the purpose of stealing after he entered the *waiting-room* they should find him not guilty, nor in charging that if the ticket office was a room or apartment, and defendant entered it with felonious intent, the jury should find him guilty.

One who enters, with buglarious intent, a room of a house, enters the house with such intent. (2 Bish. Crim. Law, 97; 2 Whart. 1536, and cases there cited; *State* v. *Scripture,* 42 N. H. 485; 4 Blackst. Com. 226.) Here, where the room in a building was known as the ticket office, it was properly described as a "building, to wit, the ticket office." If the room was in the house, and the house was a building, a felonious entry into the room was a felonious entry into the building, since burglary consists not of entry alone but of *felonious* entry.

3. The court was asked by defendant to charge: "The position of the room mentioned in the testimony as the ticket office is not a room sufficient to sustain the allegation of the information," etc. Of course the position of a room is not a room, but the court could not be required so to tell the jury.

4. There was no error in giving the definition of burglary laid down in section 459 of the Penal Code.

5. The court did not err in charging that to constitute a room the partition between it and the rest of the house need not extend to the ceiling or roof of the house, but that a partition eight or nine feet high from the floor would be a sufficient partition. This was not charging a fact (the facts were left to the jury), but stating that a room may be constructed without a partition reaching to the ceiling, etc.

6. The charge as to drunkenness was given conditionally, the jury being cautioned that they alone were to determine whether there was evidence on that subject. Besides there was evidence that the defendant had been drinking before the alleged crime was committed.

7. The jury were properly told that the case must be decided by reference to the evidence bearing upon the issues, and that it was of no consequence whether defendant was married or single, etc.

Judgment and order affirmed.