68   113
e144   55

[No. 20116.   Department One. — November 27, 1885.]

THE PEOPLE, RESPONDENT, v. JOHN STEVENS, APPELLANT.

CRIMINAL LAW — CONSPIRACY — EVIDENCE. — On a trial for burglary, a witness testified that on the morning after the night on which the burglary was alleged to have been committed the defendant entered his store for the purpose of selling certain articles similar to those claimed to have been stolen from the burglarized premises, and that while the defendant was engaged in the store the witness observed one Harrigan standing

outside. Harrigan was indicted jointly with the defendant, and the indictment charged a conspiracy between them to commit the burglary. *Held*, that the evidence referred to did not tend to prove the conspiracy, and was insufficient as a foundation for other evidence on the subject.

ID. — INSTRUCTIONS. — Instructions to the jury on the subject of conspiracy approved.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*John D. Whaley*, for Appellant.

*Attorney-General Marshall*, for Respondent.

FOOTE, C.—The defendant was convicted of burglary in the first degree. A motion for a new trial was made and denied. From the order made in the premises and and the judgment of conviction this appeal was taken.

It is urged that error was committed in admitting the evidence of a witness, Parrott, with reference to the acts of one Harrigan, who had been indicted jointly with defendant, but as to whom, on the trial, a severance was had.

One Cohen had previously testified that the defendant, on the morning following the night when the burglary with intent to commit larceny was alleged to have been committed, had entered his store and endeavored to sell him boots similar to those claimed to have been stolen, and that while the defendant was in the prosecution of that purpose he, Cohen, looked out and saw Harrigan standing outside.

The question asked Parrott, against the objection of the defendant, was:—

" Q.—Did you see Mike Harrigan and any one else on the evening of December 31, 1884, in the neighborhood of Joseph Gutberlet's store? State what you saw."

To which the following reply was given, also against the defendant's objection:—

"A.—On the evening of December 31, 1884, at about eight o'clock P. M., I saw a man named Harrigan, and two others who I don't know, looking in the window of Joseph Gutberlet's store, and when they saw me coming they ran away."

The judge who presided on the trial evidently must have concluded that by the testimony of Cohen a sufficient foundation was laid to establish, *prima facie*, the fact of conspiracy between the defendant and Harrigan, or that it was proper testimony to be laid before the jury as tending to establish such fact. In this we cannot concur.

Suppose a thief to be selling a stolen watch at a jewelry store, anywhere in the crowded city of San Francisco, on some public thoroughfare: would the mere fact that any respectable citizen stood on the outside, and the proprietor of the store observed him there, tend to prove any conspiracy between him and the thief in the commission of a burglary the night before, when the watch was stolen? And yet the evidence as to a conspiracy between the defendant and Harrigan, as given by Cohen, was no stronger than the incident above supposed.

Nor is there anything else in the evidence which tends more strongly to show a conspiracy between those parties. The statement of Parrott as to his having seen them days after the burglary, conversing, as he supposed by the motions of their hands and heads, would only tend to impeach the defendant's statement that he did not know Harrigan.

Nor can we say from the record that the admission of this testimony on the part of Parrott, first discussed, did not injure the defendant's cause before the jury.

The law upon the question of conspiracy, and the consideration which the jury should give to what might or what might not be evidence on the same was well stated. (*People* v. *Geiger*, 49 Cal. 643, 649.)

And taking the whole charge of the court in its entirety,

and giving to it a fair and unstrained interpretation, it announced the law applicable to the case fully and plainly.

It is urged by the defendant that there was no proof that the alleged offense was committed in the night-time. From the evidence, the breaking and larceny must have occurred between the hour of eight o'clock on the evening of the 31st of December, 1884, and the same hour on the morning of the 1st of January, 1885. On the latter day the sun rose at 7:25 o'clock. There was not the least scintilla of proof that the crime was committed in the thirty-five minutes that intervened from that time, until that when the proprietor of the store discovered the burglary had been committed. On the other hand, all the evidence, both positive and circumstantial, tended to show its being done on the night before, as charged.

The judgment and order should be reversed, and a new trial granted.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.