[Crim. No. 702.   Second Appellate District, Division One.—April 27, 1920.]

THE PEOPLE, Respondent, v. JOE E. COTA, Appellant.

[1] CRIMINAL LAW—BURGLARY—PROOF OF CORPUS DELICTI—ADMISSION OF CONFESSION.—In this prosecution for the crime of burglary, the testimony of the caretaker of the premises that the crime was committed between the hours of 8 o'clock P. M. of a certain day and shortly before 8 o'clock A. M. of the next day, at which latter time he discovered the facts and, following tracks from the building, located in a hedge of trees property similar to that which was stolen, the testimony of the sheriff that he stationed himself near the cached property found by the caretaker and arrested the defendant when he appeared there the following night with a sack under his coat, and the testimony of another witness that between the hours of 10 and 11 o'clock on the night the crime was committed the defendant, accompanied by another party, came to his

house and left certain property, which property was identified as being similar to that which was stolen, and the inferences fairly deducible therefrom, were sufficient to establish beyond a reasonable doubt that the offense was committed in the night-time, and, therefore, the court did not err in admitting evidence of the defendant's confession.

[2] ID.—BURGLARY DEFINED — INSTRUCTIONS — EVIDENCE.—In such prosecution the defendant was not prejudiced by an instruction, in the language of section 459 of the Penal Code, that "Every person who enters any house . . . with intent to commit grand or petit larceny or any felony is guilty of burglary," where no evidence other than that pertaining to the offense charged in the information was offered.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. P. Butcher, Jr., for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant appeals from a judgment of conviction had upon an information wherein he was charged specifically with the commission of the crime of burglary in the first degree.

The subject of the theft was a quantity of liquor, consisting of wine and whisky contained in bottles and demijohns, taken from the wine cellar, the door of which was locked, which cellar was situated in the basement of a residence owned by Mr. Gould, entry to which was had by the breaking of a window and the lock on the door of the wine cellar.

[1] One of the essential elements of the crime charged is that it was committed in the night-time, which, in this case, was the time between the hour of sunset at 4:54 P. M. on December 2d, and the hour of sunrise at 6:46 A. M. on December 3d.

Evidence of statements made by the defendant wherein he admitted his participation in the crime, which, he stated, was committed between 10 and 11 o'clock P. M. on the night of December 2d, was received over defendant's objection,

47 Cal. App.—15

and this ruling is assigned as error. His contention is that the reception thereof was not preceded by proof of the *corpus delicti,* namely, that the crime was committed in the night-time, and without which the evidence was not admissible. (*People* v. *Vertrees,* 169 Cal. 404, [146 Pac. 890]; *People* v. *Tapia,* 131 Cal. 651, [63 Pac. 1001]; *Gray* v. *Commonwealth,* 101 Pa. St. 380, [47 Am. Rep. 733].) Conceding that it devolved upon the People to show by independent evidence and beyond a reasonable doubt that the specific crime charged was committed (*People* v. *Smith,* 136 Cal. 207, [68 Pac. 702]), as a condition of admitting the confession in evidence, we think such fact was established. It was made to appear by testimony of the caretaker of the place, who lived in a house about one hundred yards from the Gould residence, that the crime was committed between the hours of 8 o'clock P. M., December 2d, and shortly before 8 o'clock A. M., December 3d, at which latter time he discovered the broken window to the basement, together with the fact of the theft, and following tracks leading from the window he found in a hedge of trees a number of bottles containing liquor, which bottles were similar to those contained in the cellar. On the night of December 3d the sheriff stationed himself near the cached liquor, and about 10:30 o'clock defendant appeared with a sack under his coat, when he was arrested. It also appeared from the testimony of another witness that between 10 and 11 o'clock on the night of December 2d the defendant, accompanied by another party, came to his house and left some demijohns of whisky, which demijohns were identified as being similar to those which the caretaker had assisted in taking to the basement of the residence; in addition to which the caretaker testified in direct terms that the entry was made and the goods taken between sunset and sunrise; and conceding that his evidence upon this point was shaken by his testimony on cross-examination to the effect that he was not out of his house, some hundred yards from the residence so entered, between the hours of 8 o'clock P. M. and 8 o'clock A. M. on said days, and there was an interval of an hour and a quarter of daylight, nevertheless, we think the evidence and the inferences fairly deducible therefrom were sufficient to establish beyond a reasonable doubt that the offense was committed as charged. (*People* v. *Stevens,* 68

Cal. 113, [8 Pac. 712] ; *People* v. *Schafer*, 161 Cal. 573, [119 Pac. 920].) This being true, it follows that the court did not err in admitting the evidence of defendant's confession, which, if true, shows conclusively that he was guilty of the commission of the crime.

[2] In defining burglary, the court, in its instruction, used the language of section 459 of the Penal Code, that "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, mine, or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary." Appellant argues that by this instruction notwithstanding the charge in the information was that of entering the house with the intent to commit larceny only, the jury was authorized to convict defendant if they found he had entered the house with the intent to commit any felony, and hence it was error. (*People* v. *Mulkey*, 65 Cal. 501, [4 Pac. 507] ; *People* v. *Young*, 65 Cal. 225, [3 Pac. 813] ; *Williams* v. *State*, 53 Tex. Civ. App. 2, [108 S. W. 371].) Conceding this to be true, nevertheless, for the reason that no evidence other than that pertaining to the offense charged was offered, defendant could not have been prejudiced by reason of the error.

The court instructed the jury that "the information charges burglary in the first degree, and before you can convict the defendant you must be satisfied from the evidence to a moral certainty and beyond a reasonable doubt that he is guilty as charged in the information, to wit, of burglary in the first degree, committed at the place charged in the information and between sunset on December 2, 1919, and sunrise on December 3, 1919. You cannot in this case render a verdict of burglary in the second degree." It would be difficult to conceive of an instruction prepared with greater care, and having for its purpose the protection of defendant's rights, than the one quoted; and it is impossible to understand, even in the light of appellant's argument, any ground whatsoever for the attack thereon.

Other alleged errors predicated upon rulings of the court in permitting the district attorney, over defendant's objection, to ask leading questions of one witness, and its rulings in admitting hearsay testimony as to ownership of the house where the crime was committed, and also error predicated

upon assignments of misconduct of the district attorney in his argument of the case to the jury, are not of sufficient merit to warrant consideration.

As a whole, the character of the evidence presented by the record is such that the jury could not properly have reached a verdict other than that rendered, and no errors are shown which could possibly have resulted in a miscarriage of justice. (Sec. 4½, art. VI, Const.)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.