[Crim. No. 3002. Third Dist. Nov. 17, 1959.]

THE PEOPLE, Appellant, v. GEORGE WILEY DAVIS, Respondent.

Stanley Mosk, Attorney General, Doris H. Maier and G. A. Strader, Deputy Attorneys General, for Appellant.

Alan H. Thieler, under appointment by the District Court of Appeal, for Respondent.

SCHOTTKY, J. — Defendant George Wiley Davis was charged with the crime of burglary. He was held to answer to the superior court and an information was filed against him. Upon his arraignment in the superior court his counsel moved to dismiss the information upon the ground that defendant had been held to answer without reasonable or probable cause. The court granted the motion.

The People have appealed from the order dismissing the information and contend most earnestly that the order was erroneous. ▆ Before discussing these contentions we think

it well to set forth certain well-settled principles applicable to the instant appeal, which are well stated in *People* v. *Platt,* 124 Cal.App.2d 123, at page 130 [268 P.2d 529], as follows:

"The evidence necessary to justify an order holding a defendant to answer to the superior court is not subject to the same test as that before a trial jury in a criminal action, and reasonable or probable cause may be found for holding to answer although the evidence does not establish the defendant's guilt beyond a reasonable doubt. All that is required is a reasonable probability of the defendant's guilt. (*Davis* v. *Superior Court,* 78 Cal.App.2d 25, 27 [177 P.2d 314].)

'Reasonable or probable cause,' required to uphold the commitment of a defendant (Pen. Code, § 995), exists if there is sufficient proof to make it reasonable to believe that the defendant is guilty of the offense charged. (*People* v. *George,* 95 Cal.App.2d 425, 429 [213 P.2d 33] ; *People* v. *Thomas,* 90 Cal.App.2d 491, 494 [203 P.2d 567].)

"On a motion to set aside an information, the question of the guilt or innocence of the defendant is not before the court, nor does the issue concern the quantum of evidence necessary to sustain a judgment of conviction. The court is only to determine whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense had been committed in which the defendant had participated. (*Weber* v. *Superior Court,* 35. Cal.2d 68, 69 [216 P.2d 871].) . . ."

The record of the preliminary examination disclosed that Roy Robinson, an attendant at a service station in Greenville, closed the station about 8:30 p.m., February 11, 1959. He removed the receipts from the register and put them in a sack which he hid in back of some boxes on the shelf below the register. He locked all the doors to the station and then departed. The next morning after he opened the office door he noticed that the door to the lube room from the office had been opened during the night. He also noticed that a door from the lube room to the exterior of the station had been opened. The money was missing. There was no evidence to indicate that anyone had used force to enter the station. The door from the lube room to the exterior was secured by means of a hook and eye device and while it probably could have been opened from the outside there was no indication that it had been.

The accused George Wiley Davis was not employed at the station but he often frequented the place. He had been seen

around the station approximately one hour before the station was locked for the evening. He did not have permission to enter the station during the time it was closed.

Davis admitted to the service station attendant that he had been hiding in the lube room when the attendant was closing the station, and in answer to a question as to why he did not go out the front door after he took the money, Davis said, "I don't know."

The basic issue on this appeal is whether the trial court erred in holding that the defendant was held to answer by the committing magistrate without reasonable or probable cause. A narrower and more specific issue is whether the evidence, other than the defendant's extrajudicial statement, is sufficient to establish the corpus delicti of the crime of burglary. It is appellant's position that the testimony of Mr. Robinson, apart from the defendant's statement, constituted at least prima facie proof of the corpus delicti. Proof of the corpus delicti beyond a reasonable doubt was not required.

Numerous authorities in this state hold in varying language that proof of the corpus delicti, sufficient to warrant the introduction of the defendant's extrajudicial statement, is adequately established by "prima facie evidence" or "some evidence" or even "slight evidence" and such proof may consist entirely of circumstantial evidence, direct and positive evidence not being essential. (See *People* v. *Mehaffey*, 32 Cal.2d 535 [197 P.2d 12], and cases collected in 19 Cal.Jur. 2d 260, 261.) In *People* v. *Williams*, 151 Cal.App.2d 173 [311 P.2d 117], the appellate court held that to constitute sufficient prima facie proof of the corpus delicti all that is required is to show a "reasonable probability" that a criminal act has been committed. Similarly in *People* v. *Hassen*, 144 Cal.App. 2d 334 [301 P.2d 80], the court held that slight or prima facie proof of the corpus delicti is sufficient and that the corpus delicti may be proved by circumstances and the inferences which may be reasonably drawn therefrom. To the same effect is the case of *People* v. *Peters*, 149 Cal.App.2d 94 [308 P.2d 42]. The following authorities also support the proposition that proof of the corpus delicti need only be established by prima facie evidence and circumstantial evidence from which it may be reasonably inferred that a criminal act has been committed is all that is required. (*People* v. *Race*, 151 Cal. App.2d 678 [312 P.2d 322]; *People* v. *Misquez*, 152 Cal.App. 2d 471 [313 P.2d 206]; *People* v. *Sheeley*, 151 Cal.App.2d 611 [311 P.2d 883].)

In *People* v. *Mehaffey*, 32 Cal.2d 535 [197 P.2d 12], above cited, the court stated as follows at page 545, citing numerous cases:

". . . [I]t is likewise well settled that to authorize their reception in evidence and consideration by the jury, the prosecution is not required to establish the corpus delicti by proof as clear and convincing as is necessary to establish the fact of guilt; rather slight or prima facie proof is sufficient for such purpose. [Citations.] It may be proved by circumstantial evidence and by inferences reasonably drawn therefrom. [Citations.] Direct or positive evidence is not essential [citations], nor is it necessary at this point to connect the defendant with the perpetration of the offense . . . ."

We have concluded that the evidence at the preliminary examination was sufficient to prove the corpus delicti without the defendant's extrajudicial statement, and the court erred in granting the motion to dismiss the information.

Burglary in this state is defined in section 459 of the Penal Code. It reads in part that "Every person who enters any house, room . . . shop . . ., with intent to commit . . . larceny . . . is guilty of burglary." In the instant case the magistrate as a reasonable man could conclude from the evidence that the crime of burglary had been committed. The magistrate could infer that the door from the lube room to the exterior had been opened from the interior. From this he could infer that someone must have been in the building when the attendant had locked up. From the fact that the door from the lube room was opened during the night he could also infer that someone had gone from the lube room to the office, found the sack of money, returned to the lube room, and then had opened the lube room door to the exterior and departed.

 If "A" enters a store with intent to commit a felony he is guilty of burglary. (*People* v. *Brittain*, 142 Cal. 8 [75 P. 314, 100 Am.St.Rep. 95].) The intent to commit the crime may be inferred from the facts shown (*People* v. *Terry*, 152 Cal.App.2d 75 [312 P.2d 709]; *People* v. *McLaughlin*, 156 Cal.App.2d 291 [319 P.2d 365]), and it is reasonable to infer that a man who conceals himself in a building and who later commits larceny entered the building with the intent to commit a felony.

 Even if it could be said that the entry into the lube room was lawful, there is authority for the proposition that a burglary may be committed by a breaking on the inside. It is burglary to enter an inner door with intent to commit a

felony even though the inner door was unlocked. (*Rolland* v. *Commonwealth*, 85 Pa. 66 [27 Am.Rep. 626] ; 2 Wharton, Criminal Law, 12th ed., sec. 976; see also *Daniels* v. *State*, 78 Ga. 98 [6 Am.St.Rep. 238] ; 9 Am.Jur., Burglary, §§ 4 and 6.) Here the entry to the office from the lube room would be a felonious entry.

We are convinced that the evidence and the inferences that may reasonably be drawn therefrom made out a prima facie case of burglary and that the statement of defendant was sufficient to make it reasonable to believe that he was guilty of burglary. The issue involved upon this appeal is not the guilt or innocence of the defendant but only the question of whether the magistrate at the preliminary examination, "acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense had been committed in which the defendant had participated." (*People* v. *Platt, supra.*)

The order appealed from is reversed.

Van Dyke, P. J., and Peek, J., concurred.