[Crim. No. 3394.   Third Dist.   Mar. 29, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH
GARCIA, Defendant and Appellant.

Willard Weddell, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Assistant Attorney General, for Plaintiff and Respondent.

SCHOTTKY, J.—Joseph Garcia was charged by information with the crimes of burglary in the second degree and petty theft. He was found guilty by a jury on the burglary charge and has appealed from the judgment entered on the verdict and from the order denying his motion for a new trial.

Pursuant to appellant's request this court appointed Willard L. Weddell to act as his counsel. Mr. Weddell has informed this court that in his opinion no meritorious grounds for appeal exist. Notwithstanding this statement of counsel, we have made a careful study of the record and have concluded that the judgment should be affirmed.

The evidence as shown by the record shows the following: David Settle drove his car to the rear of the Lucky Market on Auburn Boulevard to get some boxes out of the trash bin. As he approached he saw two men closing the trunk of a 1956 Oldsmobile. He observed a case of Jim Beam whiskey and a case of cigarettes inside the trunk. As he drove up the men leaped into the car and drove away at high speed. Settle followed the car and obtained its license number. He identified Garcia as one of the men. Thereafter it was ascertained that someone had removed five cases of Jim Beam whiskey from the liquor storage room of the market. The liquor storage room, or cage, is located in the rear of the store in an area not normally open to customers. The rear of the store is separated from the front or sales area by a wall in which there are two archways. The liquor cage is secured by a padlock. When an investigation was made the lock was found on the hasp. There was no evidence of a forcible entry. There was evidence that someone had left by the rear door.

Garcia was seen driving his car by a police officer who possessed warrants for Garcia's arrest for traffic offenses. The officer did not know Garcia was a suspect in the burglary. After making the arrest the officer searched Garcia's car and found four cases of Jim Beam whiskey, two of which were identified as having been taken.

We shall first consider the question of whether or not the evidence supports the judgment.

Burglary is defined as the entry by a person of any house, room, apartment, tenement shop etc., with intent to commit larceny. (See Pen. Code, § 459.) The statute does not require that there be a breaking into any structure. Burglary is committed if a person enters a store with the intent to commit theft and is guilty of burglary although the entry was made through the public entrance during business hours. (*People* v. *Wilson,* 160 Cal.App.2d 606 [325 P.2d 106].) In any event a room within a building may be burglarized. (*People* v. *Young,* 65 Cal. 225 [3 P. 813] (ticket office separated from the rest of the room by a partition which did not extend to the ceiling); *People* v. *Goldsworthy,* 130 Cal. 600 [62 P. 1074] (entry into a basement).) The cage could be considered a room. Whether or not an accused had an intent to commit theft when he entered the building is for the trier of fact unless there is nothing from which it can be inferred. But the intent need not be in the mind of the defendant at the time he entered the building if he then forms that intent and enters a room in that building. (*People* v. *Young, supra*; accord: *People* v. *Gaystan,* 38 Cal.App.2d 83 [100 P.2d 496]; *People* v. *Davis,* 175 Cal.App.2d 365 [346 P.2d 248].)

In *People* v. *Davis, supra,* this court said at page 369: ". . . In the instant case the magistrate as a reasonable man could conclude from the evidence that the crime of burglary had been committed. The magistrate could infer that the door from the lube room to the exterior had been opened from the interior. From this he could infer that someone must have been in the building when the attendant had locked up. From the fact that the door from the lube room was opened during the night he could also infer that someone had gone from the lube room to the office, found the sack of money, returned to the lube room, and then had opened the lube room door to the exterior and departed. If 'A' enters a store with intent to commit a felony he is guilty of burglary. (*People* v. *Brittain,* 142 Cal. 8 [75 P. 314, 100 Am St. Rep. 95].) The intent to commit the crime may be inferred from the facts shown (*People* v. *Terry,* 152 Cal.App.2d 75 [312 P.2d 709]; *People* v. *McLaughlin,* 156 Cal.App.2d 291 [319 P.2d 365]), and it is reasonable to infer that a man who conceals himself in a building and who later commits larceny entered the building with the intent to commit a felony.

"Even if it could be said that the entry into the lube room was lawful, there is authority for the proposition that a bur-

glary may be committed by a breaking on the inside. It is burglary to enter an inner door with intent to commit a felony even though the inner door was unlocked. (*Rolland* v. *Commonwealth*, 85 Pa. 66 [27 Am. Rep. 626]; 2 Wharton, Criminal Law, 12th ed., sec. 976; see also *Daniels* v. *State*, 78 Ga. 98 [6 Am. St. Rep. 238]; 9 Am. Jur., Burglary, §§ 4 and 6.) Here the entry to the office from the lube room would be a felonious entry.''

▉ We shall next consider the question of whether or not the liquor introduced in evidence, which was taken from Garcia's car, was the fruit of an illegal search. There is no question but that Garcia was properly arrested. The officer was authorized to remove the vehicle from the road (Veh. Code, § 22651, subd. (h)) because the officer by virtue of the warrants of arrest was required to take Garcia before a magistrate without unnecessary delay. Under such circumstances the officer may search the car. As stated in *People* v. *Nebbitt*, 183 Cal.App.2d 452, 459 [7 Cal.Rptr. 8]:

'' '. . . A police officer is authorized to remove a vehicle from the highway to the nearest garage when he arrests any person driving, or in control of a vehicle for an alleged offense, or where such officer is, by the Vehicle Code or other law, required to take the person arrested immediately before a magistrate.' (*People* v. *Simpson*, 170 Cal.App.2d 524, 530 [339 P.2d 156].) Thus, the officers had a lawful right to impound the car, and they, after Smith and defendant were removed therefrom, took possession of the same for that purpose. At that time, as is the standard practice, the officers proceeded to make an inventory of personal items in the vehicle (*People* v. *Ortiz*, 147 Cal.App.2d 248 [305 P.2d 145], wherein defendant was arrested for 'drunk auto'). 'In the circumstances of this case it was not unreasonable for the police officer to make a inventory of the contents of the automobile prior to impounding it. Such inventory was a protection to the owner of the vehicle, and the garage owner, and the officer. Since the marijuana (found by officers in the glove compartment) was found during the course of making the inventory, it was not discovered as a result of an unreasonable search and therefore it was not inadmissible in evidence.' (P. 250.)'' (See also *People* v. *Nichols*, 196 Cal. App.2d 223 [16 Cal.Rptr. 328]; *People* v. *Myles*, 189 Cal. App.2d 42 [10 Cal.Rptr. 733]; *People* v. *Odegard*, 203 Cal. App.2d 427, 431-432 [21 Cal.Rptr. 515].)

Since the officers had lawful custody of the car, the articles

found were legally obtained and properly admitted in evidence.

■ We conclude that appellant received a fair trial; that no prejudicial error was committed; and that the evidence amply sustains the judgment.

Since there is now no appeal from an order denying a new trial, the purported appeal from the order is dismissed.

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.