[Crim. No. 4214.   First Dist., Div. Three.   Aug. 2, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. RENO JOHN SALANI et al., Defendants and Appellants.

Thomas L. Bocci for Defendants and Appellants.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Michael J. Phelan, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—The appellants were indicted by a grand jury and charged with numerous counts of felony. A single count charged appellants with a violation of Penal Code section 182 (conspiracy to violate Pen. Code, § 337a); other counts of the indictment charged appellants with numerous violations of Penal Code section 337a, subdivisions 1, 3, 4, 5 and 6. After trial before the court without a jury, appellants were found guilty on the conspiracy count; appellant Salani was also found guilty on counts 21 through 36, and appellant Conniff was found guilty on counts 13 through 15, and 17 through 28, all charging violations of Penal Code section 337a. Appellant Salani was sentenced to one year in the county jail on each count on which he was convicted, and appellant Conniff was sentenced to 90 days in the county jail on each of the counts upon which he was convicted. The sentences of each appellant were ordered to run concurrently as to each count.

On this appeal appellants first contend that the evidence is insufficient to support the judgment. There is no substance to this contention as a brief reference to the evidence received at the trial will show.

An investigation of alleged bookmaking was in progress in South San Francisco, and at the request of the police department of that city an inspector for the San Mateo County District Attorney's office attempted to place bets

with various persons on horse races. On June 21, 1961, the inspector went to Sil's Smoke Shop on Grand Avenue in South San Francisco. There he met one Williams, and inquired about placing some bets on horses. Williams referred the inspector to appellant Conniff. The inspector contacted Conniff, and after some conversation Conniff stated that he would take bets. The inspector then asked that bets be placed for him on named horses in particular races at the Hollywood Park Race Track. Conniff took these bets.

On June 22, 1961, the inspector returned to Sil's Smoke Shop where he met both appellants. Conniff again accepted bets.

On June 23, 1961, the inspector was again at the same smoke shop and on this occasion placed a bet with appellant Salani.

On June 29, 1961, the inspector discussed betting with both appellants while at Sil's Smoke Shop. Conniff declined to take any bets, but appellant Salani accepted bets from the inspector on that day.

On June 30, 1961, the inspector placed several bets with Salani on named horses running in various races at the Hollywood Park Race Track.

On July 3, 1961, appellant Salani paid the inspector $25.45 due as the winnings on bets previously placed with him, and at the same time took further bets on named horses in various races. Shortly thereafter the inspector identified himself and placed Salani under arrest.

This evidence is sufficient to sustain the conviction of appellant Conniff on counts 13 through 15, and 17 through 24, and sustains the conviction of appellant Salani on counts 21 through 36.

As to the conspiracy count, there was evidence that on June 26, 1961, the inspector returned to the smoke shop and found Conniff engaged in a card game. When Conniff saw the inspector he left the game table and went into a room at the rear of the premises. Shortly thereafter he came out and resumed his place at the game table. Salani then came out of the back room and proceeded to a small room near the center of the bar. A few minutes later both Conniff and Salani went to the room at the rear, after which Conniff came out and said to the inspector "You have $4.60 coming." The inspector agreed this was the correct amount, and Conniff then paid over this sum. Other evidence established the

fact that these winnings were the proceeds of a bet previously placed with Salani.

Appellants did not testify, and although they now attack the sufficiency of the evidence to sustain the judgment against them it is apparent from that portion of the record recited herein that the judgment is not vulnerable to any such attack. The evidence before the trial court clearly points to the existence of an agreement and understanding between appellants to engage in bookmaking. ■ In order to prove a conspiracy it is unnecessary to show an actual meeting of the minds or an express agreement between the parties. ■ It is elementary law that the existence of a conspiracy may be established by circumstantial evidence. (*People* v. *Calhoun,* 50 Cal.2d 137, 144 [323 P.2d 427].) ■ It is true, as appellants contend, that mere suspicion or association is not enough to establish a conspiracy (*People* v. *Stevens,* 68 Cal. 113 [8 P. 712]; *People* v. *Torres,* 84 Cal.App.2d 787 [192 P.2d 45]), but the evidence in this case goes far beyond suspicion or association, because it clearly establishes the actual acceptance of numerous bets by both appellants, and the payment of winnings to the person who placed the bets. The joint character of the enterprise is illustrated by the bet placed with appellant Salani and paid off by appellant Conniff. It is clear, therefore, that the challenge to the evidence must fail.

Appellants further contend that the trial court committed error because, so it is claimed, evidence and testimony was received concerning acts and declarations of the alleged conspirators "without ever establishing the conspiracy itself." Appellants make no specific reference to the record to support this charge, and for this reason the assignment of error might properly be disregarded (*People* v. *Gidney,* 10 Cal.2d 138, 142 [73 P.2d 1186]) but we have considered it nevertheless, and find that the claim is totally without merit. ■ Appellants apparently refer to Code of Civil Procedure section 1870, subdivision 6 which states: ". . . evidence may be given upon a trial of the following facts: . . . 6. After proof of a conspiracy, the act or declaration of a conspirator against his co-conspirator, and relating to the conspiracy." This provision states a rule of evidence rather than a rule of substantive law, and it has been construed as a direction regarding the order of proof, in which the trial court is vested with discretion to allow chronological presentation of the prosecution's evidence. (See *People* v. *Canci-*

*milla*, 197 Cal.App.2d. 242, 249-250 [17 Cal.Rptr. 498].)

■ Here there was evidence that, when the inspector tried to place a bet with Conniff, the latter said that "they" were shut down, and that "they" were taking no more bets; that on one occasion Salani had said that "Conniff fooled around too much" and that he had asked Conniff to "stop taking bets." While these declarations and statements might be considered as declarations made by one conspirator against his co-conspirator, they cannot operate to invoke the rule claimed, because they appear in the record long after the conspiracy itself had been established by prima facie evidence.

■ Earlier testimony had established the fact that bets were placed by the inspector with both Conniff and Salani on several occasions, and that Conniff had paid the inspector the winnings on a bet placed with Salani. This evidence was sufficient to establish a prima facie case of the fact of conspiracy, and a proper foundation was thus presented for the admission of the later declarations of both appellants. (See *People* v. *Steccone,* 36 Cal.2d 234, 238 [223 P.2d 17].)

Appellant Conniff further complains that the evidence is insufficient to support his conviction on counts 7 through 10 and 25 through 28. However, he was not convicted on counts 7 through 10, and as to these counts no further comment is necessary. ■ As to counts 25 through 28, appellant Conniff is correct. These counts relate to the events of June 29, 1961, and although the inspector sought to place bets with Conniff on that day it is undisputed that Conniff refused to participate in any way in bookmaking activities at that time, and there is therefore no evidence whatever to support Conniff's conviction on those counts. This is conceded by the Attorney General.

That portion of the judgment against the appellant Conniff which is based upon counts 25 through 28 of the indictment is reversed; in all other respects, and as to both appellants, the judgment is affirmed.

Draper, P. J., and Devine, J., concurred.