[No. C009375. Third Dist. Aug. 30, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
CLAYTON GENE McCORMACK, Defendant and Appellant.

## COUNSEL

Renee L. Berenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, and J. Robert Jibson, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**CARR, J.**—A jury convicted defendant of one count of first degree burglary. (Pen. Code, § 459.)[1] The court found true enhancing allegations defendant had suffered two prior serious felony convictions and that he had served three separate prior prison terms. (§§ 667, subd. (a), 667.5, subd. (b).) On appeal defendant asserts the trial court erred in instructing the jury it could convict defendant of burglary if it found he formed the intent to steal after he entered the relevant structure but before he entered the room within the structure from which items were taken. We find no error and affirm.

### FACTS

Harry Leivas returned to his brother's house one afternoon and observed a car parked in front of the house. Defendant was sitting in the driver's seat. Some time after Leivas entered the house he heard a knock on the door which he did not answer. When he got up to investigate he found defendant had entered the house, apparently through an unlocked door.

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

Leivas saw defendant in the kitchen and asked what defendant was doing there. Defendant responded that Leivas had asked him in. Leivas denied this and told defendant he did not belong in the house. He asked defendant to leave but defendant refused.

Defendant then walked into the family room and asked Leivas if he wanted a beer and if he had jumper cables. Leivas responded negatively to both questions. At one point defendant also asked to use the phone.

Leivas went to a neighbor's house and called the police. When the officers arrived they accompanied Leivas back into his brother's house. Defendant was standing in the hallway carrying a sheet with items stuffed into it. When the officer entered the hallway defendant held his finger near the officer's head as though he had a gun. The officer spun defendant around and the bundled sheet fell to the floor.

When Leivas's brother Henry reentered his home he found items scattered on the floor in front of one of the bedrooms. These included jewelry, watches, knives and old coins, all of which had been taken from the bedrooms in the house.

The court instructed the jury a person was guilty of burglary if the person entered a structure with the intent to steal the personal property of another. The prosecution also requested and the court gave an instruction which stated: "The intent [to steal the personal property of another] need not be in the mind of the person at the time of the initial entry into the structure, if he subsequently forms the intent and enters a room within the structure." The prosecutor also argued in closing the jury could find defendant had committed burglary even if he formed the intent to steal after he entered the house but before he entered one of the bedrooms.

## DISCUSSION

■ The challenged instruction was proper because it is consistent with the literal language of the controlling code section. In its current form this code section states: "Every person who enters any . . . room . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." (§ 459.) We have found no published decisions by a court of this state holding, on facts similar to those present here, that burglary is not committed when the intent to steal is formed after entry to a building but before entering a room therein from which the defendant intends to steal property. This is undoubtedly due to the fact the definition of burglary has included entry into a room with the requisite intent since the Penal Code was first adopted in 1872. (§ 459, as enacted 1872.)

There are, however, numerous decisions holding that entry into a room with the required intent is burglary. (See *People* v. *Young* (1884) 65 Cal. 225 [3 P. 813]; *People* v. *Davis* (1905) 1 Cal.App. 8, 10 [81 P. 716]; *People* v. *Mackabee* (1989) 214 Cal.App.3d 1250, 1253, 1257-1258 [263 Cal.Rptr. 183]; *People* v. *Garcia* (1963) 214 Cal.App.2d 681, 683 [29 Cal.Rptr. 609]; *People* v. *Davis* (1959) 175 Cal.App.2d 365, 369-370 [346 P.2d 248].) As the plain language of the code includes entry into a room within the definition of burglary the court's instruction was proper.

Defendant cites *People* v. *Graham* (1958) 156 Cal.App.2d 525 [319 P.2d 677], as an example supporting his contention burglary cannot be proved where the required intent arises after the entry into a building. In that case the court found burglary had not been established because the intent to steal appeared to have been formed after the entry. The problem in *Graham*, however, was not with the time at which the intent arose but rather that the prosecution charged entry with the intent to steal but the evidence established entry was made with the intent to rape, and the intent to steal arose after the entry. The prosecution simply failed to prove the charged crime. (*Id.* at pp. 528-529.)

Defendant's reference to *People* v. *O'Keefe* (1990) 222 Cal.App.3d 517 [271 Cal.Rptr. 769], in which a burglary was found for each entry into a dormitory room, is also misplaced. (*Id.* at pp. 520-522.) The issue of whether these entries could constitute burglaries was decided by reference to cases finding burglary could be established by entry into rooms within a building such as a hotel or office building. (*Id.* at p. 521.) The court then unnecessarily rejected the defendant's attempted analogy to a home shared by family members. (*Ibid.*)

Defendant also argues that since the cases which have upheld burglary convictions where the intent to steal arose after entry of the main structure have concerned entry into commercial structures, apartment and boarding houses and dormitories, in which different tenants may have individual possessory interests in different portions of the structure, these cases do not support the conclusion burglary may be committed by one who forms the intent to steal after entering a private residence. (See *O'Keefe, supra*, 222 Cal.App.3d 517; *People* v. *Fleetwood* (1985) 171 Cal.App.3d 982 [217 Cal.Rptr. 612]; *People* v. *Nunley* (1985) 168 Cal.App.3d 225 [214 Cal.Rptr. 82]; *Garcia, supra*, 214 Cal.App.2d 681.) This does not advance defendant's position. The code section plainly states entry into a room with the intent to steal is burglary. That this has been held valid and applicable to other fact situations does not render it invalid or inapplicable here.

Defendant also asserts the policies underlying the burglary statute are not served by applying the statute to the present facts because, he asserts, the

members of a family sharing a home do not have individualized expectations of privacy in each room of the house. (See *Mackabee, supra,* 214 Cal.App.3d at p. 1257.) The statute specifically prohibits entry into a "room." If this wording did not serve the policy intended by the Legislature it need not have been included in the statute and it could have been removed or modified at any time in the more than 100 years since this code section was first adopted.

In addition, as our Supreme Court has stated: " 'Burglary laws are based primarily upon a recognition of the dangers to personal safety created by the usual burglary situation—the danger that the intruder will harm the occupants in attempting to perpetrate the intended crime or to escape and the danger that the occupants will in anger or panic react violently to the invasion, thereby inviting more violence. The laws are primarily designed, then, not to deter the trespass and the intended crime, which are prohibited by other laws, so much as to forestall the germination of a situation dangerous to personal safety.' " (*People* v. *Gauze* (1975) 15 Cal.3d 709, 715 [125 Cal.Rptr. 773, 542 P.2d 1365], quoting *People* v. *Lewis* (1969) 274 Cal.App.2d 912, 920 [79 Cal.Rptr. 650].) Just as the initial entry into a home carries with it a certain degree of danger, subsequent entries into successive rooms of the home raise the level of risk that the burglar will come into contact with the home's occupants with the resultant threat of violence and harm. Applying the plain language of the statute therefore serves rather than frustrates the policy of the law.

The judgment is affirmed.

Puglia, P. J., and Marler, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 27, 1991. Mosk, J., and Arabian, J., were of the opinion that the petition should be granted.