Filed 12/12/24  P. v. Graham CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WAYNE RALPH GRAHAM,<br><br>        Defendant and Appellant. | A170105<br><br>(Humboldt County<br>Super. Ct. No. CR2302747) |

A jury convicted Wayne Ralph Graham of seven counts of being a felon in possession of a firearm.  (Pen. Code, § 29800, subd. (a)(1); undesignated statutory references are to this code.)  It also found true the aggravating circumstance that he induced others to participate in the commission of the crime.  (Cal. Rules of Court, rule 4.421(a), (b); undesignated rule references are to these rules.)  The trial court sentenced him to seven years, four months in prison.  On appeal, he argues the aggravating circumstance finding is not supported by substantial evidence and the court incorrectly instructed the jury on the circumstance.  He also challenges his sentence, arguing the court erroneously relied on his "recent felonies" to impose the aggravated term.  Finally, he challenges certain fines and fees, including a $600 court fine (§ 1202.5, subd. (a)), arguing the court failed to hold a hearing regarding his

1

ability to pay in violation of his constitutional rights. We strike the $600 court fine, but otherwise affirm.

## BACKGROUND

In September 2023, Graham told his friend, Hank Carper, he needed to retrieve his guns. As a convicted felon, Graham was prohibited from possessing firearms, and Graham's sister was storing the guns in a gun safe. He did not give Carper a reason for needing to get his guns. Carper drove Graham to his sister's house. When they arrived, Graham asked his brother-in-law for the guns. His brother-in-law brought the guns from a garage, and Graham and Carper put them in the backseat of Carper's car. Graham's sister called the police. Officers arrived and searched the vehicle, finding seven firearms. A search of the garage revealed different caliber ammunition in an ammunition box.

The district attorney charged Graham with seven counts of being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and five counts of being a felon in possession of ammunition (§ 30305, subd. (a)(1)). The information also alleged he had two prior strike convictions (§ 667, subds. (b)–(i), 1170.12, subd. (c)(2)(C)) and that he induced others to participate in the commission of the crimes (rule 4.421(a)(4)).

A jury found Graham guilty of the firearm possession charges, found true the prior strike convictions — a 2020 conviction for assault with a deadly weapon (§ 245, subd. (a)(1)) and a 2022 conviction for criminal threats (§ 422) — and found true that he induced Carper to assist in committing the crimes. The trial court sentenced Graham to seven years, four months in prison — the upper term of three years on count one, doubled to six years because of his prior strike; a consecutive term of eight months, doubled to 16 months because of the prior strike for count two; and the upper term of three

2

years, doubled to six years for counts three through seven, to run concurrently. The court also imposed various fines and fees, discussed in detail below.

## DISCUSSION

### I.

Graham argues there is insufficient evidence to support the jury's finding on the inducement aggravating circumstance — that he induced others to participate in the commission of the crime or occupied a position of leadership or dominance of other participants in the commission. (Rule 4.421(a)(4).) The circumstance is satisfied when the defendant is the dominant party in planning at least a portion of the crime. (*People v. Kellett* (1982) 134 Cal.App.3d 949, 961.) After examining "the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact" could have found the aggravating circumstance allegation true beyond a reasonable doubt, we disagree. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

The record establishes Graham induced Carper to retrieve the guns. Graham initiated the plan when he told Carper he needed to get his guns. (*Kellett, supra*, 134 Cal.App.3d at p. 961.) At Graham's direction, Carper drove him to his sister's house where the guns were stored. (*People v. Searle* (1989) 213 Cal.App.3d 1091, 1097 [requiring evidence of directing or prodding others to participate in the crime].) Indeed, the jury could reasonably infer Graham solicited Carper's assistance because he needed someone to drive him to his sister's place. (*People v. Kraft, supra*, 23 Cal.4th at p. 1053 [presuming "in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence"].) After arriving at the house,

3

Carper helped Graham load the guns into the car. (*Kellett*, at p. 961 [inducement aggravating factor present where defendant and accomplice both cut chain to property and entered the premises].) To the extent Graham argues this evidence merely reflects Carper assisted Graham as a friend rather than being induced, "reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) Substantial evidence supported the jury's true finding on the aggravating circumstance.

II.

Graham next contends the trial court erred by instructing the jury with CALCRIM No. 3227 — the pattern instruction for the aggravating circumstance of inducing another to participate in committing the crime — which defines "induced" as "instructed." According to Graham, "induced" does not mean "instructed" and nothing in case law defines the term as such. The dictionary, he argues, defines "induced" as "persuading or influencing." Thus, he concludes, CALCRIM No. 3227 is an incorrect statement of law.

Graham forfeited his right to challenge the instruction on appeal by failing to object to it below. Parties "may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying language." (*People* v. *Lang* (1989) 49 Cal.3d 991, 1024.) True, the forfeiture rule does not apply if the instructions are incorrect or an error affected the defendant's substantial rights — that is, "resulted in a miscarriage of justice, making it reasonably probable the defendant would have obtained a more favorable result in the absence of error." (*People v. Andersen* (1994) 26 Cal.App.4th 1241, 1249; *People v. Mason* (2013) 218 Cal.App.4th 818, 823; *People v. Amezcua and Flores* (2019) 6 Cal.5th 886,

4

916; § 1259.)  But Graham fails to identify any error.  (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549 [presuming jury instructions are correct].)

Having independently reviewed CALCRIM No. 3227, we conclude it "fully and fairly instructed on the applicable law" on the aggravating factor. (*People v. Partlow* (1978) 84 Cal.App.3d 540, 558; *People v. Posey* (2004) 32 Cal.4th 193, 218.)  The instruction informed jurors that to find the factor true, the prosecution must prove the defendant "induced others to participate in the commission of the crimes."  (CALCRIM No. 3227.)  It defined induced as "persuaded, convinced, influenced, or instructed," a correct statement of the law.  (*Ibid*.)  Specifically, evidence of "inducement" is satisfied if the defendant "directed or prodded" others into committing the criminal offense. (*People v. Searle*, *supra*, 213 Cal.App.3d at p. 1097.)  The term "instruct" is synonymous with "direct."  (Merriam-Webster's Collegiate Thesaurus Online (2024) <https://unabridged.merriam-webster.com/thesaurus/instruct> [as of Dec. 12, 2024].)  Because defining "induce" to include "instruct" accurately states the law regarding inducement, no error appears.  (*People v. McCormack* (1991) 234 Cal.App.3d 253, 256.)

We are unpersuaded by Graham's unsupported assertion that CALCRIM No. 3227's definition of "induce" is incorrect because it was not used in any previously drafted pattern jury instructions.  (*People v. Ibarra* (2007) 156 Cal.App.4th 1174, 1188 [rejecting defendant's argument that CALJIC instructions solely state the correct law].)  There was no error, thus the instruction did not affect Graham's substantial rights.  (*People v. Jimenez* (2016) 246 Cal.App.4th 726, 730.)

## III.

Graham contends the trial court abused its sentencing discretion by imposing the upper term for his firearm possession offenses.  (*People v.*

5

*Fredrickson* (2023) 90 Cal.App.5th 984, 988 [abuse of discretion standard of review for sentencing decisions].) Prior to the trial on the aggravating circumstances, the court apparently noted it would not instruct the jury that his prior convictions as an adult "are numerous or of increasing seriousness." (Rule 4.421(b)(2).) It observed that Graham's offenses were less serious than his prior felony convictions. But at sentencing, the court relied, in part, on his recent felonies — a 2020 conviction for assault with a deadly weapon; and a 2022 conviction for criminal threats — to impose the higher term. Graham argues "recent felonies" is not a valid aggravating factor under rule 4.421, thus requiring reversal and remand. We disagree.

Where there are three possible terms of imprisonment for a particular offense, the trial court generally must impose a sentence not exceeding the middle term. (§ 1170, subd. (b)(1).) An upward departure from the middle term is authorized if there are aggravating circumstances and the facts underlying those circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by the trier of fact. (*Id.*, subd. (b)(2), see also subd. (b)(3) [defendant's prior convictions may be established by a certified record of conviction].) Rule 4.421 provides a nonexhaustive list of factors a court may consider when imposing an aggravated sentence. This includes the defendant's prior convictions as an adult if they "are numerous or of increasing seriousness." (Rule 4.421(b)(2).) Critically, the court may *also* consider other factors that "reasonably relate to the defendant or circumstances" of the underlying crime. (Rule 4.421(c); *People v. Yanaga* (2020) 58 Cal.App.5th 619, 627.)

Though Graham's recent felonies decreased in seriousness — decreasing from assault to possession of firearms — and thus could not qualify as an aggravating factor under rule 4.421 (b)(2), the trial court here

properly considered them under rule 4.421(c). (*People v. Berry* (1981) 117 Cal.App.3d 184, 191.) Graham's recent felonies reasonably relate to him, specifically to his recidivism. [1] (*People v. Yanaga, supra*, 58 Cal.App.5th at p. 627 [" 'scope of information a sentencing court may consider is very broad,' " since it includes " 'facts relating to the defendant which are not directly connected to commission of the crime for which he is being sentenced' "].) There was no error here, and Graham has not demonstrated otherwise. The court exercised its informed discretion in imposing the upper term. (*People v. Fredrickson, supra*, 90 Cal.App.5th at p. 988.)

Given the above, we reject Graham's argument that the cumulative prejudicial impact of the trial court's errors in assessing the aggravating circumstances requires us to reverse his sentence. (*People v. Sorden* (2021) 65 Cal.App.5th 582, 618.) Graham has not established any error and thus cannot establish "a 'cumulative effect of all the errors' or 'cumulative prejudice.' " (*Ibid.*)

## IV.

Graham argues the abstract of judgment does not accurately reflect the trial court's sentencing decision. Specifically, the abstract of judgment contains a checkmark indicating he was sentenced per section 667, subdivisions (b)–(i) or section 1170.12 — prior strike convictions that double his sentence. It then accurately states the total time for Graham's doubled

---

[1] During oral argument, and for the first time in this appeal, Graham's counsel argued that, under *Erlinger v. United States* (2024) 602 U.S. 821, 836–839, a jury was required to make this finding. We decline to consider this new argument. (*New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.* (1992) 7 Cal.App.4th 1088, 1098 ["[n]ew issues cannot generally be raised for the first time in oral argument"].) Moreover, the jury here *did* find Graham had prior felony convictions, the fact on which the trial court's sentencing decision was based.

sentence due to his prior strike conviction is seven years, four months. But the abstract of judgment contains a section titled "Other orders," noting the "[t]ime imposed for Counts 1-7 doubled due to previous strike prior conviction." According to Graham, this section is misleading because the Department of Corrections and Rehabilitation may interpret the abstract of judgment as requiring his total sentence to be doubled to 14 years and eight months. No correction is necessary.

Courts may order the correction of abstracts of judgment that fail to accurately reflect the sentencing court's oral judgment. (*People v. Clark* (2021) 67 Cal.App.5th 248, 260.) The oral pronouncement controls when "there is a discrepancy between the oral pronouncement of judgment" and the abstract of judgment. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) There was no discrepancy here. The court orally pronounced its sentencing decision, imposing the upper term of three years for count one and a consecutive term of eight months, one-third the middle term, for count two, both doubled to a total of seven years, four months, with the sentences on the remaining counts to run concurrently. The abstract reflects the base sentence — a checkmark next to the box noting Graham's sentence was doubled due to a prior strike conviction — and a total sentence of seven years, four months. The portion of the abstract that Graham challenges simply describes how his total sentence was calculated. While it may have been preferable for the court to omit any additional information in the "Other orders" section of the abstract of judgment to avoid confusion, its inclusion does not render the abstract of judgment incorrect.

V.

At Graham's sentencing, the trial court imposed several fines: a $600 court fine (§ 1202.5, subd. (a)); a $40 court operations assessment fee as to

8

each charge (§ 1465.8); a $30 criminal conviction assessment fee as to each charge (Gov. Code, § 70373); a restitution fine of $2,100 (§ 1202.4, subd. (b)); and a restitution fine of $2,100 that the court ultimately stayed (§ 1202.45). Graham did not object that he was unable to pay at the sentencing hearing. Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164 — requiring "the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes" these assessments[2] — Graham now argues the court should not have imposed the two assessment fees and restitution fine without making a similar determination here.

This claim is forfeited. (*People v. Evers* (2023) 97 Cal.App.5th 551, 556.) The trial court sentenced Graham in 2024, more than four years after *Dueñas* was decided. Yet Graham failed to request an ability-to-pay hearing. (*Evers*, at p. 556 ["Once case law exists holding that a hearing on ability to pay is constitutionally required when requested, a defendant who does not object or ask for a hearing forfeits the claim of error"].) None of Graham's arguments persuade us to consider this issue for the first time on appeal. (*People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6 [appellate court has the discretion to address errors raised for the first time on appeal].)

We reject Graham's argument that his counsel's failure to object to the fines and fees deprived him of effective assistance of counsel. While defendants have the right to effective assistance of counsel, reversal on that basis is only warranted if "(1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel

---

[2] The California Supreme Court granted limited review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844, to decide whether the trial court must "consider a defendant's ability to pay before imposing or executing fines, fees, and assessments," and "[i]f so, which party bears the burden of proof regarding the defendant's inability to pay."

was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) The record here is silent regarding defense counsel's decision to forgo objecting to the fines and fees. Indeed, it is entirely possible counsel knew Graham was able to pay. The probation report submitted by the sheriff noted that, although Graham reported no assets or debts, he received funding from his retirement, Social Security, and insurance accounts. On this record, we cannot conclude he received ineffective assistance of counsel.

We do agree, however, that the court was not authorized to impose a $600 court fine under section 1202.5 for Graham's firearm possession offenses. While that section authorizes courts to impose a $10 crime prevention program fine on enumerated offenses, firearm possession is not one of them. (§ 1202.5, subd. (a).) The crime prevention program fine must be stricken. (*People v. Allen* (2001) 88 Cal.App.4th 986, 989–990.) The People's argument that the court simply intended to impose the $600 fine under section 672 — authorizing the court to impose a fine not exceeding $1,000 for misdemeanors and $10,000 for felonies in addition to terms of imprisonment — does not alter this conclusion. While the "abstract of judgment is not itself the judgment of conviction, and cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict," the court did not mention section 672 when imposing the $600 fine at sentencing. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.) It simply imposed a $600 court fine. Amending the abstract of judgment to impose the fine under section 672 is not appropriate here.

## DISPOSITION

The $600 crime prevention program fine (§ 1202.5) is stricken. The judgment as modified is affirmed.

10

_____

RODRÍGUEZ, J.

WE CONCUR:

_____

TUCHER, P. J.

_____

FUJISAKI, J.

A170105; *P. v. Graham*